Argued and submitted October 31, 2007, sentences vacated; remanded for
resentencing; otherwise affirmed May 21, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY MARK CLARK,
*Defendant-Appellant.*

Columbia County Circuit Court
981187; A126679

185 P3d 516

Bronson D. James, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jennelle Meeks Barton, Deputy Public Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

In this appeal, defendant challenges the trial court's imposition of departure sentences and a compensatory fine, arguing, among other things, that the court erred in concluding that he waived the right to a jury trial on the facts pertinent to sentencing.[1] We conclude that, because defendant was not aware that he had the right to have a jury determine sentencing facts, he did not validly waive the right and, consequently, that the imposition of departure sentences based on facts found by the trial court violated his jury trial right. Accordingly, we remand for resentencing.

Defendant entered a plea agreement in which he agreed to plead guilty to three counts of using a child in a display of sexually explicit conduct and one count each of witness tampering and coercion. As part of the plea agreement, the state dismissed three counts of encouraging child sexual abuse and one count of witness tampering. The plea agreement indicated that defendant understood that he was waiving the right to a "speedy and public trial by jury at which the State would be required to prove my guilt beyond a reasonable doubt[.]" In the negotiations that led to defendant's plea agreement, the prosecutor made clear that she intended to seek departure sentences on all of the charges to which defendant would plead guilty.

After defendant entered the guilty plea, but before sentencing, the United States Supreme Court announced its decision in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), in which it held that, under the Sixth Amendment to the United States Constitution, a defendant has a right to have facts that may increase his or her sentence beyond the otherwise applicable maximum sentence decided by a jury, rather than by the trial court. At his sentencing hearing, defendant argued that, under *Blakely*, the court could not impose departure sentences based on findings that the court made. The court asked defendant's

---

[1] Defendant also argues that the trial court erroneously denied him eligibility for early release and other programs. The state correctly points out that, although the court initially stated that it would deny such eligibility, it ultimately did not do so. Accordingly, we reject defendant's argument without further discussion.

counsel whether, when defendant entered his guilty plea, he knew that aggravating factors would be presented at sentencing and that the court, rather than a jury, would determine whether there were grounds for a departure. Counsel stated that defendant had understood that the state would seek departure sentences and, "as we understood the law at that time, that a judge would be making a determination about whether or not to impose a departure sentence based on those factors." He added, however, that he and defendant had never discussed "whether or not those findings had to be made by a jury or a judge[.]" The court concluded that defendant had waived the right to jury trial on sentencing facts when he entered the plea agreement. After finding a number of aggravating facts, it imposed departure sentences on the three convictions for using a child in a display of sexually explicit conduct. The court ordered that defendant serve all of the sentences consecutively, totaling 292 months. It also imposed a compensatory fine of $50,000 in favor of the victim of the three counts of using a child in a display of sexually explicit conduct.

On appeal, defendant challenges the departure sentences and the compensatory fine, arguing that, when he entered the plea agreement, he was not aware that the jury trial right extended to sentencing and, consequently, that he did not knowingly waive the right with respect to sentencing. Defendant points out that the plea petition referred to the jury trial right only with respect to guilt, not to sentencing. He asserts that nothing in the record indicates that he was aware that the jury trial right extended to sentencing. Defendant also argues that, in all events, the trial court's reliance on two departure factors that are not enumerated in the sentencing guidelines violates the prohibition against *ex post facto* laws and bills of attainder.

In response to defendant's argument concerning his jury trial right, the state argues, among other things, that the trial court did not have a duty to make a record as to whether defendant was aware that the jury trial right extended to sentencing and, thus, that it is of no moment that the record does not establish that fact.[2]

---

[2] The state also argues that defendant's challenge to his sentences is not reviewable. We reject that argument without discussion.

■     The state's argument misses the point. To be sure, we have previously declined to reverse a trial court on the ground that it did not inquire on the record as to the validity of a waiver of the right to jury trial. *See State v. Wigglesworth*, 186 Or App 374, 378, 63 P3d 1185 (2003); *State v. Fry*, 180 Or App 237, 239 n 1, 42 P3d 369 (2002). In both of those cases, however, the record was sufficient to support the inference that the waiver was valid. It is an entirely unremarkable proposition that courts will not infer a valid waiver of a constitutional right from a silent record. *See Boykin v. Alabama*, 395 US 238, 243, 89 S Ct 1709, 23 L Ed 2d 274 (1969) ("We cannot presume a waiver of [rights including the right to trial by jury] from a silent record."); *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666, (1992) ("[A] valid waiver will not be presumed from a silent record.").[3]

■     The state also argues that this is not a case in which a waiver was inferred from a silent record, asserting that the plea agreement supports the trial court's finding of a waiver of the right to a jury trial on sentencing facts. Again, the state's argument misses the point. There is no disputing that counsel told the trial court unequivocally that defendant entered the plea with the knowledge that the court would decide facts pertinent to sentencing. The question is not whether defendant knew that the court would decide the facts, but whether he knew that he had the right to have a *jury* decide them and therefore validly waived the right.

---

[3] There are, of course, exceptions to that rule. In a collateral attack on a conviction, a valid waiver can be inferred from a silent record; the burden is on the defendant to establish that the waiver was not valid. *State v. Probst*, 339 Or 612, 626, 628, 124 P3d 1237 (2005) (a presumption of validity attaches to a final judgment, so the burden is on the defendant in a collateral challenge to establish that a waiver of a fundamental right was not valid). Also, when a defendant who waives the right to a jury trial on some or all charges fails to preserve a challenge to the imposition of a sentence based on court-made findings, we will not choose between the competing inferences that a silent record gives rise to in order to determine whether the trial court erred in making the findings. *State v. Perez*, 340 Or 310, 317-18, 131 P3d 168 (2006); *State v. Gornick*, 340 Or 160, 170, 130 P3d 780 (2006).

Those cases do not purport to effect a general retreat from the proposition that courts will not infer a waiver of fundamental rights from a silent record. In *Probst*, the court expressly distinguished the case from *Meyrick* on the ground that *Probst* involved a collateral attack on a prior conviction. And in *Gornick* and *Perez*, the court focused exclusively on the analysis of competing inferences in the context of evaluating plain error.

■■ "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *Id.*; *see also Johnson v. Zerbst*, 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938) (same). In determining whether a defendant has waived a known right, the "court should focus on what the defendant knows and understands." *Meyrick*, 313 Or at 132 (emphasis omitted). We will not assume that defendant waived the right to have a jury determine the sentencing factors unless the record shows that he knew that he had that right at the time that he entered his plea.

The record does not demonstrate that, when defendant entered his guilty plea, he knew that he had the right to have a jury determine aggravating sentencing factors. The plea agreement indicates only that he knew that he had the right to a trial by jury at which the state would be required to prove his *guilt*. Neither the plea agreement nor anything else in the record supports the inference that defendant was aware that the jury trial right extended to sentencing facts. If anything, the record supports the opposite conclusion: Defendant's counsel stated at the sentencing hearing that he never discussed the issue with defendant because, before the Supreme Court announced its decision in *Blakely*, he had operated under the assumption that the right did not extend to sentencing.

In short, nothing in the record supports the conclusion that defendant validly waived the right to have a jury determine the facts on which his departure sentences are based. It follows that the trial court lacked authority to impose departure sentences and that the case must be remanded for resentencing. In light of that disposition, we do not address defendant's remaining arguments or his assignment of error concerning the imposition of a compensatory fine.

Sentences vacated; remanded for resentencing; otherwise affirmed.