Submitted April 1, remanded for resentencing; otherwise affirmed July 23, petition for review denied October 15, 2008 (345 Or 381)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# RAYMOND LEONARD PAWLOWSKI,
*Defendant-Appellant.*

Marion County Circuit Court
05C44149; A129038

190 P3d 387

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the briefs for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

After a jury trial, defendant was convicted of one count each of theft by receiving, ORS 164.095; theft in the first degree, ORS 164.055; burglary in the second degree, ORS 164.215; and possession of a controlled substance (PCS), *former* ORS 475.992(4) (2003), *renumbered as* ORS 475.840 (2005). On the first three convictions, the trial court imposed consecutive 13-month prison sentences under ORS 137.717. On the PCS conviction, the court departed from the presumptive probation sentence and imposed a concurrent six-month incarceration sentence. Defendant appeals, assigning error to (1) the trial court's admission of evidence that he was under supervision at the time he committed the offenses; (2) the trial court's admission of a laboratory report where the state did not call as a witness the criminalist who prepared the report; and (3) the trial court's imposition of consecutive sentences. We reject defendant's first and second assignments of error without discussion, writing only to address his unpreserved third assignment. We remand for resentencing, but otherwise affirm.

■    In his third assignment of error, defendant argues that the trial court erred in imposing consecutive sentences on his theft and burglary convictions based on facts found by the court. He relies on *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), decided after defendant was convicted and sentenced in this case. In *Ice*, the Oregon Supreme Court concluded that, consistently with the Sixth Amendment to the United States Constitution as interpreted and applied in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), facts supporting the imposition of consecutive sentences must be found by a jury or admitted by the defendant. Defendant argues that, although he did not raise the matter to the trial court at sentencing, under *Ice*, the trial court committed plain error, reviewable by this court even though the issue was not preserved. ORAP 5.45. In support of that contention, he argues that the record does not give rise to competing inferences as to whether a jury would have found the necessary facts. *See State v. McDonnell*, 343 Or 557, 176 P3d 1236 (2007) (unpreserved error is "apparent on the face of the

record" when (1) the error is one of law; (2) it is not reasonably in dispute; and (3) it appears on the face of the record such that the court need not choose between competing inferences to identify it). He further urges us to exercise our discretion to correct the error, arguing that defendants similarly situated to him will obtain the benefit of their jury trial rights in the context of consecutive sentences and that he should be treated no differently.

The state responds that, because defendant did not object when the jury was dismissed after the guilt phase of his trial and did not object to the imposition of consecutive sentences, he waived his jury trial right without qualification; moreover, it is possible to infer that he did so for strategic reasons. According to the state, defendant's failure to object also means that he invited any error. Finally, the state argues that, even assuming that the error is plain, this court should decline to exercise its discretion in the interest of avoiding a second sentencing hearing.

■ We begin with the state's argument that the error in this case is not apparent on the face of the record because it is inferable that defendant waived his right to a jury trial of the facts supporting consecutive sentences. We recently considered a similar argument in *State v. Clark (A126679)*, 220 Or App 197, 185 P3d 516 (2008). In that case, after the defendant pleaded guilty, but before he was sentenced, the United States Supreme Court decided *Blakely*. At sentencing, relying on *Blakely*, the defendant objected to the trial court's finding of departure factors. The trial court concluded that, by pleading guilty, the defendant had waived his right to a jury trial on the relevant sentencing factors. *Clark*, 220 Or App at 199-200.

■ We disagreed:

"It is an entirely unremarkable proposition that courts will not infer a valid waiver of a constitutional right from a silent record. *See Boykin v. Alabama*, 395 US 238, 243, 89 S Ct 1709, 23 L Ed 2d 274 (1969) ('We cannot presume a waiver of [rights including the right to trial by jury] from a silent record.'); *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992) ('[A] valid waiver will not be presumed from a silent record.').

"* * * * *

"A waiver is an intentional relinquishment or abandonment of a known right or privilege. In determining whether a defendant has waived a known right, the court should focus on what the defendant knows and understands. We will not assume that defendant waived the right to have a jury determine the sentencing factors unless the record shows that he knew that he had that right at the time that he entered his plea."

*Clark*, 220 Or App at 202 (internal quotation marks and some citations omitted). Because the defendant had raised the issue and, conversely, had not waived the relevant right, we remanded for resentencing. *Id.*

In this case, defendant did not raise the issue below; accordingly, the question whether it is inferable that he waived his right to a jury trial is pertinent in the first instance to the question whether the trial court's error is plain. Nevertheless, we apply the same test as in *Clark*: whether the record shows that defendant knew, at the time that the trial court dismissed the jury and imposed sentence, that he had the right to have a jury decide the relevant consecutive sentencing factors and knowingly waived that right.

We conclude that it does not. In contrast to *Clark*, defendant in this case did not waive his right to a jury trial of his guilt or innocence. At the sentencing hearing, although defendant did not contend that the trial court lacked authority to impose consecutive sentences, he requested that concurrent sentences be imposed. We decline to deem it inferable from that record that defendant knew that he had a right to have a jury find the facts supporting consecutive sentences and that he intentionally relinquished or abandoned that right. It follows that the trial court plainly erred.

■■ We turn to whether we properly should exercise our discretion to correct the error. Factors relevant to that inquiry include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). As pertinent to sentencing issues, we also consider whether defendant encouraged the

trial court's imposition of the erroneous sentences, the possibility that defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

In this case, the most compelling factor is that, by reason of his three consecutive 13-month sentences, as well as the absence of any concurrent sentence of significant length, defendant is subject to an additional 26 months of incarceration. Nor, as discussed above in regard to whether the trial court's error appears on the face of the record, did defendant encourage, or have any apparent strategic reason for ultimately acquiescing in, the trial court's determination of the relevant factors or its decision to impose consecutive sentences. Rather, he expressly requested that the trial court impose concurrent sentences. Particularly in light of the fact that the Supreme Court had not yet decided *Ice*, that was sufficient. Finally, although the state relies on its purported "significant interest in avoiding [a] second sentencing hearing," we note that, as discussed above, the Supreme Court has described that factor as an interest in avoiding "unnecessary repetitive" sentencing proceedings. *Fults*, 343 Or at 523. In this case, the state does not argue, and we have not identified any facts demonstrating, that it is certain or even probable that, on remand, a jury will impose consecutive sentences. *See State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007) (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). For all of those reasons, we exercise our discretion to reach the error.

Remanded for resentencing; otherwise affirmed.