Argued and submitted February 13, remanded for resentencing; otherwise affirmed August 13, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEO RALPH MEADE,
*Defendant-Appellant.*

Washington County Circuit Court
C051030CR, C051433CR
A130132 (Control); A130133

191 P3d 704

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Schuman, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant, who was convicted in these consolidated cases following a bench trial of two counts of second-degree burglary, ORS 164.215, two counts of first-degree theft, ORS 164.055, and 15 counts of felon in possession of a firearm, ORS 166.270, appeals, challenging the trial court's imposition of consecutive sentences on several of those convictions. Specifically, defendant contends that the imposition of consecutive sentences based on judicial factfinding violated the Sixth Amendment to the United States Constitution as interpreted by the court in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). *See State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008) (imposition of consecutive sentences based on judicial factfinding violates the Sixth Amendment). We agree with defendant and, accordingly, remand for resentencing.[1]

The circumstances pertinent to our review are undisputed. Defendant was charged with, and convicted of, various crimes after he broke into two adjoining storage units and stole, among other items, 15 firearms from one of those units. Before trial, defendant signed a jury trial waiver that provided, in part, that

> "after being first duly advised of my statutory and Constitutional right to have my guilt or innocence in the above cause determined by a duly empaneled jury, hereby declare that I do NOT desire this cause to be heard by a jury and to hereby WAIVE my statutory and Constitutional right to a trial by jury and further hereby consent that the same may be heard by the Court, sitting alone without a jury, and judgment rendered therein."

The court had a brief colloquy with defendant, explaining that, in a jury trial, the state would have the burden of proving defendant's guilt beyond a reasonable doubt to 10 out of 12 members of the jury, "[a]nd by signing this waiver of jury

---

[1] That disposition obviates any discussion of defendant's alternative, and unpreserved, contention that aspects of his sentence violated OAR 213-012-0020(2)(b).

trial form you're saying that you desire, instead, to have me listen to this case, sitting alone, without the benefit of input from 11 other people and deciding your case; is that correct?" Defendant responded affirmatively. Prior to sentencing, defendant submitted a sentencing memorandum that asserted, in part, that, although ORS 137.123(5) would permit a sentencing court to impose consecutive sentences if certain findings were made, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," citing *Blakely*.

At the sentencing hearing, the prosecutor took the position that *Blakely* applied only to departure sentences and not to consecutive sentences. The court then asked the prosecutor: "What if somebody waives their right to a jury trial?" The prosecutor responded, "Well, judge, I think there would need to be a separate waiver on a *Blakely* [ground] for those findings as well"—to which the court replied, "Okay." The prosecutor proceeded to discuss the implications of this court's decision in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), in which we held that it was not "plain error" under the Sixth Amendment for a court to make findings pursuant to ORS 137.123 in support of consecutive sentences. In response, defense counsel argued that findings under ORS 137.123(5) in support of consecutive sentences "must be proven to a jury beyond a reasonable doubt per *Blakely*."

The trial court ultimately imposed consecutive sentences on two of the felon-in-possession convictions. Specifically, in one of these consolidated cases, the court imposed an 18-month sentence on Count 3, to be served consecutively to defendant's sentence for second-degree burglary on Count 1,[2] and another 18-month sentence on Count 4, to be served consecutively to the sentence on Count 3. In doing so, the court found that, although they arose out of the same incident, the crimes were not "merely an incidental violation."[3]

---

[2] The court merged the theft convictions with the burglary convictions.

[3] ORS 137.123(5) provides, in part:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

On appeal, defendant notes that the Oregon Supreme Court held in *Ice* that judicial factfinding pursuant to ORS 137.123(2) and (5) ran afoul of the Sixth Amendment as interpreted by the Court in *Blakely* and *Apprendi*. The state responds that, although *Ice* is generally controlling on the issue of whether judicial factfinding is permissible under the Sixth Amendment, defendant waived his right to any factfinding by a jury when he waived his right to jury before trial.[4]

■     As an initial matter, we are uncertain whether the state's argument provides an appropriate alternative basis for affirmance. As noted above, the state took the position at sentencing that *Blakely* did not apply to consecutive sentences at all—but, in response to the court's question specifically about the effect of the jury waiver, the state conceded that a separate waiver would be required. However, even assuming that the state may assert a "right for the wrong reason" rationale that it specifically abandoned in the trial court,[5] we conclude that the state's argument is not well-founded.

The state relies primarily on *State v. Heilman*, 339 Or 661, 125 P3d 728 (2005), and argues that that case stands for the proposition that, if a defendant waives a jury before

---

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense[.]"

[4] Defendant's trial and sentencing occurred before the effective date of ORS 136.776, which currently provides that a waiver of a right to jury trial on guilt or innocence will constitute a waiver of the right to a jury trial on all sentencing enhancement facts. *See also* ORS 136.765 (requiring notice to the defendant "[w]ithin a reasonable time after filing the accusatory instrument").

[5] In particular, we note that one of the criteria for application of the "right for the wrong reason" doctrine is that "the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below." *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 660, 20 P3d 180 (2001). Had the state argued at sentencing that defendant's pre-trial waiver extended to sentencing facts, it is possible that the sentencing court could have taken the opportunity to clarify the scope of defendant's waiver at that point. *Cf. State v. Clark (A126679)*, 220 Or App 197, 200, 185 P3d 516 (2008) (when defense counsel raised issue at sentencing pertaining to factfinding on sentence enhancement facts, court attempted at sentencing to clarify the scope of the defendant's waiver).

trial and does not qualify that waiver (presumably by specifying that it does not apply to sentencing enhancement facts), the defendant should be held to have waived any jury trial right to sentencing enhancement facts even if he or she specifically raises the issue in the course of a sentencing proceeding. As explained below, we do not so understand *Heilman*.

In *Heilman*, the defendant argued that he should not have been subjected to a "dangerous offender" sentence enhancement under ORS 161.725 because "the state had not pleaded in the indictment the facts necessary to support such an enhancement." 339 Or at 663. There, the defendant waived his right to a jury trial, and the case was tried to the court. At sentencing, defense counsel objected to the dangerous offender enhancement, arguing that failure to plead enhancement facts in the indictment violated the principles of *Apprendi*, but acknowledged that this was "not a situation that" the Court addressed in *Apprendi*. *Id.* at 665. The trial court rejected that "failure to plead" argument and imposed the "dangerous offender" sentence enhancement.

On appeal, the defendant argued for the first time that the trial court improperly enhanced his sentence based on facts not found by a jury beyond a reasonable doubt. The Supreme Court stated:

"Defendant failed to preserve the argument that the state should have submitted the dangerous-offender enhancement to a jury. The principle of preservation of issues for appellate review requires a defendant to provide an explanation of his or her position in the trial court, and that explanation must be sufficiently specific to ensure that the trial court can address and correct the alleged error at trial, if correction is warranted. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). The record demonstrates that defendant did not express a willingness to submit any part of his case to a jury. At the threshold of trial, defendant waived a jury and opted for a trial by the court; neither at that time nor later did he indicate to the court that he intended to limit his waiver in any way.

"* * * [D]efendant did not purport to qualify his waiver of a jury trial in any way; neither did he subsequently assert *during the course of the trial* that any limits or conditions applied to his waiver. We conclude that defendant,

once having made an apparently unqualified waiver of the jury right, had the burden of objecting in some manner, thereby preserving his argument for appeal, if he regarded any action by the trial court as a violation of his right to trial by jury. *See Wyatt*, 331 Or at 343 (objection must be sufficiently specific so that the trial court can identify error and correct it immediately, if necessary)."

*Heilman*, 339 Or at 668-69 (footnote omitted; emphasis added).

Here, the state, relying on the "during the course of the trial" language emphasized above, argues that "the timing of a reservation of rights is essential in consecutive sentence issues"—and, specifically, that such issues must be raised *before* sentencing, rather than *at* sentencing.

With respect, the language from *Heilman* that the state invokes does not, in context, bear such weight. Indeed, the totality of the Supreme Court's discussion in *Heilman* shows that, before the enactment of ORS 136.776, *see* 221 Or App at 553 n 4, if a defendant who had been convicted following a bench trial made a cogent request for a jury to determine sentence-related facts, that request would be effective, even if the defendant had not made such a request before the sentencing hearing.

In particular, immediately after the language quoted above, the Supreme Court in *Heilman* addressed and rejected the defendant's contention that certain remarks by his attorney *at the sentencing hearing* constituted a request for a jury trial for sentencing purposes. *Id.* at 669-70. The court so held not because of the *timing* of those remarks, but because of their *content—viz.*, that those remarks were too amorphous to constitute a cognizable request for a jury to determine sentencing-related facts. Specifically, after reviewing defense counsel's remarks in detail, the Supreme Court concluded that it could not "construe the foregoing statement as an objection or assertion that the trial court was required to empanel a jury to find the requisite facts before sentencing defendant." *Id.* at 670.

That entire discussion would have been gratuitous if, as the state asserts here, a *Blakely*-based request for a jury for sentencing purposes must be made before the sentencing

hearing. That is, if the state were correct here, there would have been no need for the Supreme Court in *Heilman* to determine whether defense counsel's remarks at the sentencing hearing constituted a request to empanel a jury to determine sentencing-related facts. The necessary, albeit implicit, premise of the court's discussion is that a cogent request to empanel a jury at the time of sentencing would have preserved the issue.

■ Further, the state's view that defendant's waiver was unlimited in scope cannot be squared with our own precedent. *See State v. Clark (A126679)*, 220 Or App 197, 185 P3d 516 (2008). In *Clark*, the defendant pleaded guilty to certain offenses and, at sentencing, argued that "the court could not impose departure sentences based on findings that the court made." *Id.* at 199. The trial court rejected that argument on the ground that the defendant "had waived the right to jury trial on sentencing facts when he entered the plea agreement." *Id.* at 200.

On appeal, we reversed and remanded. We framed the issue as whether the defendant "knew that he had the right to have a *jury* decide [sentence enhancement facts] and therefore validly waived the right." *Id.* at 201 (emphasis in original). In resolving that question, we stated, "We will not assume that defendant waived the right to have a jury determine the sentencing factors unless the record shows that he knew that he had that right at the time that he entered his plea." *Id.* at 202. Applying those principles, we concluded in *Clark* that the jury waiver in that case did not demonstrate such an intentional relinquishment. Rather, the jury waiver there merely established that the defendant understood he was waiving the right to a trial by jury "at which the State would be required to prove my guilt beyond a reasonable doubt[.]" *Id.* at 199.

The jury waiver in this case was very similar to that in *Clark*: It provided that defendant was waiving his "right to have my *guilt or innocence* in the above cause determined by a duly empaneled jury." (Emphasis added.) Thus, in this case, as in *Clark*, we cannot, from this record, infer a waiver of the right to a jury determination of sentence enhancement facts.

Under *Ice*, the sentencing court erred in imposing consecutive sentences.

Remanded for resentencing; otherwise affirmed.