Submitted May 28, remanded for resentencing; otherwise affirmed
October 29, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBIN R. GILLILAND,
*Defendant-Appellant.*

Lane County Circuit Court
200222983; A120741

196 P3d 13

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Ortega, Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

After a jury trial, defendant was convicted of unauthorized use of a vehicle, ORS 164.135; misdemeanor driving while suspended or revoked, ORS 811.182; reckless driving, ORS 811.140; recklessly endangering another person, ORS 163.195; attempting to elude a police officer in a vehicle, ORS 811.540(1)(b)(A); attempting to elude a police officer on foot, ORS 811.540(1)(b)(B); and two counts of criminal mischief in the second degree, ORS 164.354, all arising out of an incident in which defendant fled his former girlfriend's house in a stolen car. He appeals, assigning error to the trial court's imposition of upward departure sentences on his convictions for unauthorized use of a vehicle and attempting to elude in a vehicle and to its imposition of consecutive sentences on his convictions for attempt to elude in a vehicle and driving while suspended. We remand for resentencing.

The relevant facts are procedural. Defendant was tried and convicted in January 2003. At sentencing, defendant requested that the trial court impose presumptive sentences. As pertinent to the imposition of consecutive sentences, he argued, in part, that his crimes were part of the same criminal episode. Defendant did not argue that he was entitled under the Sixth Amendment to the United States Constitution to have a jury find the facts supporting departure and consecutive sentences.

The trial court imposed a durational departure sentence of 26 months' imprisonment on defendant's conviction for unauthorized use of vehicle and a dispositional and durational departure sentence of 12 months' imprisonment on his conviction for attempting to elude in a vehicle. The trial court based the dispositional departure on the fact that defendant would not be available for supervision. The court based the durational departures on the facts that defendant was under supervision at the time of the commission of the offenses, that the harm resulting from defendant's conduct was greater than typical, and that defendant had persistently been involved in similar offenses. The trial court did not indicate that any single factor would be independently sufficient to support the durational departures. The trial court also

found that defendant's commission of the offenses of attempting to elude in a vehicle and driving while suspended or revoked were not merely incidental to his commission of other offenses. It therefore ordered that defendant's sentence for attempting to elude be served consecutively to his sentence for unauthorized use of a vehicle and that his sentence for driving while suspended be served consecutively to his sentence for attempting to elude. *See* ORS 137.123(5)(a).

On appeal, defendant argues for the first time that he was entitled to have a jury find the relevant sentence enhancement factors.[1] He concedes that he did not raise that issue before the trial court, but urges us to consider it as plain error. Specifically, defendant contends that the error is plain because identification of the error does not require this court to choose between competing inferences. As to whether this court should exercise its discretion to correct the error, defendant points, in part, to his liberty interest in not serving the additional incarceration time that resulted from the imposition of departure and consecutive sentences.

The state responds that the error is not plain because defendant's failure to request jury findings on the relevant sentencing factors gives rise to competing inferences regarding whether he made a knowing and voluntary tactical decision not to do so.[2] The state does not argue that, if we

---

[1] As noted, defendant was convicted and sentenced in January 2003. The trial court entered an amended judgment in August 2003. Defendant filed his opening brief in February 2004, before the United States Supreme Court decided, in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), that upward departure sentences similar to those at issue here are subject to the Sixth Amendment right to a jury trial of facts that increase a sentence beyond the prescribed statutory maximum for the offense and before the Oregon Supreme Court decided, in *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), that that rule applies to departure sentences as provided in Oregon's sentencing guidelines scheme. He also filed that brief before the Oregon Supreme Court decided, in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), that the jury trial right applies to consecutive sentences. Defendant's opening brief therefore challenged only his departure sentences and relied only on *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). In November 2004, this court issued an order holding the case in abeyance pending the Oregon Supreme Court's disposition of the plain error issue presented in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006). Defendant filed his supplemental brief in November 2007, challenging his consecutive sentences; the state filed its response brief in January 2008. The parties have informed us that defendant's sentences will expire in May 2009.

[2] The state also argues that the imposition of consecutive sentences was not plain error because, although this court is bound by the Oregon Supreme Court's

determine that the error is plain, we should not exercise our discretion to correct it.

■■ ORAP 5.45(1) provides, in part, that "the appellate court may consider an error of law apparent on the face of the record." We may review an error under that rule when (1) the error is one of law; (2) the error is apparent, that is, the legal point is obvious and not reasonably in dispute; and (3) the error appears on the face of the record—it does not require the court to go outside the record or select among competing inferences. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Factors relevant to whether an appellate court properly should exercise its discretion to correct plain error include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). As pertinent to sentencing issues, we also consider whether the defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

We begin with whether the error is plain. The parties do not dispute that the error is one of law and that, consistently with the Sixth Amendment to the United States Constitution as applied in *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), and *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), the legal point is obvious and not reasonably in dispute. Thus, the pertinent question is whether identifying the error requires this court to go outside the record or select among competing inferences. Specifically, we consider whether it is inferable that, although a jury decided defendant's guilt, he purposely chose not to seek a jury trial on the relevant sentencing factors. In answering that question, we consider whether the record shows that defendant knew, at the time that the trial

decision in *Ice*, the decision may be reversed by the United States Supreme Court and, accordingly, the legal point is not obvious and beyond dispute. We reject that argument without discussion.

court dismissed the jury and imposed sentence, that he had the right to have a jury decide the relevant sentencing factors and knowingly waived that right. *See State v. Clark (A126679)*, 220 Or App 197, 185 P3d 516 (2008) (although the defendant pleaded guilty, he did not waive his right to have a jury find the applicable sentencing factors; waiver is an intentional relinquishment or abandonment of a known right or privilege and court declined to infer waiver from a silent record); *State v. Pawlowski*, 221 Or App 227, 190 P3d 387, *rev den*, 345 Or 381 (2008) (applying *Clark* test in determining whether the record gave rise to competing inferences about the defendant's failure to request jury findings; concluding that it did not and that the asserted error therefore was plain).

■　We conclude that the record in this case does not demonstrate that defendant knowingly waived his right to a jury trial of the relevant departure and consecutive sentence factors. First, defendant did not waive his right to a jury trial of his guilt or innocence. Second, as noted, at the time defendant was sentenced, no pertinent authority had determined that a defendant was entitled to jury findings for either departure or consecutive sentences as provided in Oregon's statutory sentencing scheme. Finally, at the sentencing hearing, although defendant did not contend that a jury must find the relevant sentencing factors, he objected to both the departure and the consecutive sentences; apparently in reference to the latter, he argued that all the offenses arose from the same criminal episode. As in *Pawlowski*, we decline to deem it inferable from that record that defendant knew that he had a right to have a jury find the facts supporting departure and consecutive sentences and that he intentionally relinquished or abandoned that right.

■　Nor can we say, based on the jury's verdicts, that the jury necessarily found beyond a reasonable doubt the existence of the sentencing factors applied here. *See State v. Hagberg*, 345 Or 161, 169, 190 P3d 1209 (2008) (in a particular case, it may be possible to determine from a jury's guilty verdict that the jury necessarily found beyond a reasonable doubt the facts supporting a sentence enhancement; where that is the case, the imposition of enhanced sentences is not error). Nothing in the trial court's instructions or the jury

verdict form demonstrates that the combination of factors resulting in defendant's departure sentences or the factor resulting in his consecutive sentences was presented to or found by the jury. In light of all the described circumstances, the trial court plainly erred.

We next consider whether to exercise our discretion to correct the error. In this case, the increase in defendant's total prison sentence, occasioned by the combination of the departure and consecutive sentences, amounts to 26 months' imprisonment—13 additional months as a result of the departure sentence on defendant's conviction for unauthorized use of a vehicle and 13 additional months as a result of the consecutive nature of the 12-month and 30-day sentences on his convictions for, respectively, attempting to elude in a vehicle and driving while suspended. Also, as discussed above in regard to whether the trial court's error appears on the face of the record, the record does not demonstrate that defendant encouraged, or had any apparent strategic reason for acquiesce in, the trial court's decision to impose departure and consecutive sentences. Rather, as noted, defendant expressly argued against enhanced sentences; particularly in light of the fact that defendant did not have the benefit of either *Blakely* or *Ice* at that time, that was sufficient. Finally, the state does not argue, and we have not identified any evidence in the record demonstrating, that it is certain or even probable that, on remand, a jury necessarily would find all the facts supporting the departure and consecutive sentences in this case. *See State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007) (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). For all those reasons, we exercise our discretion to reach the error.

Remanded for resentencing; otherwise affirmed.