On respondent's petition for reconsideration filed February 17, reconsideration allowed; former opinion (223 Or App 279, 196 P3d 13 (2008)) modified and adhered to as modified; remanded for resentencing May 13, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBIN R. GILLILAND,
*Defendant-Appellant.*

Lane County Circuit Court
200222983; A120741

208 P3d 980

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, for petition.

Before Brewer, Chief Judge, and Landau, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

The state petitions for reconsideration. In *State v. Gilliland*, 223 Or App 279, 196 P3d 13 (2008), we affirmed defendant's conviction but remanded for resentencing in light of *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *rev'd and rem'd sub nom Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), and because the trial court had imposed a durational departure sentence on the basis of its own judicial findings of fact. For the reasons that follow, we allow reconsideration and adhere to our opinion as modified.

At defendant's sentencing for a variety of convictions, the trial court imposed a durational departure sentence of 26 months' imprisonment on defendant's conviction for unauthorized use of a vehicle. *Gilliland*, 223 Or App at 281. The trial court also imposed a dispositional and durational departure sentence of 12 months' imprisonment on defendant's conviction for attempting to elude in a vehicle. The trial court found that the durational departure sentences were justified because defendant was on probation when he committed the offenses, because the harm resulting from his conduct was greater than typical, and because defendant had been persistently involved in similar offenses. *Id.* The court ordered that the 12-month sentence be served consecutively to the 26-month sentence, after finding pursuant to ORS 137.123(5)(a) that defendant's acts of unauthorized use of a vehicle and attempting to elude were not merely incidental to the other crimes that defendant had committed.

On appeal, we remanded for resentencing based on both the departures and the consecutive sentences. *See id.* at 284-85. We discerned no evidence in the record demonstrating that the jury necessarily found the durational and dispositional departure factors identified by the trial court. We also could not infer from the jury verdict forms or the court's instructions that the jury necessarily found the consecutive sentencing factor that the trial court relied on. *Id.* Accordingly, we remanded for resentencing.

As the state correctly notes, a portion of this case is now controlled by the United States Supreme Court's decision in *Ice* and, thus, that portion of our former opinion rejecting the court's imposition of the consecutive sentence is now

superseded. A remand for resentencing is still warranted, however, because our conclusion that no evidence in the record established that the jury necessarily found the *durational departure* sentencing factors relied on by the trial court is unaffected by the intervening change in the law wrought by *Ice*. Accordingly, that portion of our opinion retains its force.

Reconsideration allowed; former opinion modified and adhered to as modified; remanded for resentencing.