Submitted March 25, affirmed December 1, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# PAUL SCOTT STEWART,
aka Paul S. Stewart,
aka Lesley Paul Scott Stewart,
*Defendant-Appellant.*

Multnomah County Circuit Court
070833819; A139531

244 P3d 816

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals convictions for 11 crimes arising out of domestic violence against his partner and her son. On appeal, defendant raises two assignments of error. First, defendant asserts that the trial court erred in denying his motion to vacate his waiver of his right to a jury trial. He argues that his waiver was not "intelligently, knowingly, and voluntarily made" because he was not informed that, if he waived his right to a jury trial, he would also be giving up any ability to move for a new trial. Second, defendant contends that the Oregon Constitution requires the state to plead enhancement factors in the indictment. We considered and rejected the same argument in *State v. Sanchez*, 238 Or App 259, 267, 242 P3d 692 (2010). Accordingly, we reject defendant's second assignment of error without discussion. With respect to his first assignment of error, we affirm.

A grand jury indicted defendant for 13 crimes arising out of domestic violence against his partner and her son. After engaging defendant in a lengthy colloquy on the record, the trial court accepted defendant's waiver of his right to a jury trial. Defendant and his attorney signed a document entitled Waiver of Jury Trial, stating that defendant waived his right to have a jury decide whether he is guilty of the crimes charged and any sentence-enhancement facts. After a bench trial, the court found defendant guilty of 11 of the charged offenses.

After defendant was sentenced, he requested the appointment of a new attorney to assist in filing a motion for a new trial. The trial court granted defendant's request and appointed new counsel. However, rather than file a motion for a new trial, defendant filed a motion to vacate his waiver of a jury trial. At the hearing on defendant's motion, he explained that he was precluded from filing a motion for a new trial and, therefore, filed a motion to vacate his waiver of jury trial instead. Defendant argued that his waiver was not "intelligently, knowingly, and voluntarily made" because he had not been informed that, if he waived his right to a jury trial, he would also give up any ability to move for a new trial were he to be convicted. The court denied defendant's motion, stating:

"[I]t is functionally impossible to notify somebody of all implication[s] of a right of a waiver. The critical thing is they be advised expressly of the ones that courts have considered significant enough to make the validity of the waiver critical. * * *

"* * * [T]he motion for [a] new trial is a very peripheral right. It is nowhere near the center of the right to a fair trial on the law."

On appeal, defendant raises the same argument he made to the trial court: Defendant did not knowingly waive his right to a jury trial, because he did not know that if he waived that right, he was also waiving his right to file a motion for a new trial. Defendant asserts he would not have waived his right to a jury trial if he had known that he would not be able to file a motion for a new trial. The state makes various arguments about why the issue of waiver of a new trial is not properly before this court on review; we reject those arguments without discussion.

We review a trial court's decision regarding a motion to withdraw a waiver of the right to a jury trial for abuse of discretion. *State v. Villareall*, 57 Or App 292, 295, 644 P2d 614 (1982).[1]

Article I, section 11, of the Oregon Constitution, guarantees a defendant the right to a jury trial, though a defendant "may elect to waive trial by jury and consent to be tried by the judge of the court alone[.]" A waiver is an "intentional relinquishment or abandonment of a known right or privilege." *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992).

ORS 136.535 regulates the right to a new trial in a criminal case. That statute provides:

"(1)   Except that a new trial may not be granted on application of the state, ORS 19.430 and ORCP 64 A, B and D to G apply to and regulate new trials in criminal actions.

---

[1] If the issue were a motion for a new trial, we would review that issue for errors of law. *State v. Cadigan*, 212 Or App 686, 690, 159 P3d 348, *rev den*, 343 Or 223 (2007). Regardless of the standard of review, we would reach the same result in this case.

"(2) The provisions of ORCP 64 F governing motions for a new trial apply to and regulate motions in arrest of judgment in criminal actions."

Thus, several, but not all, of the provisions of ORCP 64, the rule governing the procedure for new trials, apply to and regulate new trials in criminal actions. One of the omitted provisions is ORCP 64 C, which governs a new trial in a case tried without a jury. ORCP 64 C provides:

"In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B of this rule where applicable."

Thus, if a defendant waives the right to a jury trial, ORS 136.535 does not authorize the trial court to grant a defendant a new trial.

Defendant relies on *State v. Clark*, 220 Or App 197, 185 P3d 516 (2008), to argue that he did not waive a known right when he waived his right to a jury trial. In *Clark*, the defendant entered a guilty plea before the Supreme Court announced its decision in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), that a defendant has a right to have a jury find facts that may increase the sentence beyond the otherwise applicable maximum. *Clark*, 220 Or App at 199. The defendant argued that, because he was not aware that he had the right to have a jury determine sentencing facts, he did not validly waive the right to a jury trial. This court held that, because there was no evidence in the record that the defendant was aware that he had the right to have a jury determine sentencing facts, he did not validly waive that right. *Id.* Defendant relies on *Clark* to argue that, because there is no evidence in the record that he knew that he was giving up his right to file a motion for a new trial, he did not validly waive his right to a jury trial. Defendant's reliance is misplaced. In *Clark*, we held that to waive a constitutional right (that is, the right to have a jury determine sentencing facts), the defendant had to know about the right itself, not about all possible consequences of waiving the right.

As the trial court correctly noted, the inability of a trial court to entertain a defendant's motion for a new trial in

a criminal case is a peripheral result of waiving the right to a jury trial. First, the court must find the defendant guilty of the charged offense. Second, a new trial is limited to the grounds specified in ORCP 64 B.[2] Third, whether a new trial will be granted is a matter of discretion for the trial court. *State v. Deloretto*, 221 Or App 309, 321, 189 P3d 1243 (2008), *rev den*, 346 Or 66 (2009) ("We review the trial court's denial of defendant's motion for a new trial for abuse of discretion.").

■  The state suggests and we agree that the issue in this case is similar to that in post-conviction review cases where we have held that a defendant needs to be told only of the direct consequences of his guilty plea, not of all the peripheral rights that could be lost. *See Gonzalez v. State of Oregon*, 340 Or 452, 458, 134 P3d 955 (2006) ("As a general rule, the courts have not required defense counsel to advise their clients of the collateral consequences of a conviction as a matter of providing constitutionally adequate assistance."). Another relevant line of cases are those holding that, although defense counsel is required to advise clients who are not citizens that a criminal conviction may result in deportation, counsel need not advise clients about mandatory sex offender registration, because it is a collateral, not a direct, consequence of a conviction. *Rodriguez-Moreno v. State of Oregon*, 208 Or App 659, 664, 145 P3d 256 (2006), *rev den*, 343 Or 159 (2007); *see also Jones v. Cupp*, 7 Or App 415, 419, 490 P2d

---

[2] ORCP 64 B provides the following grounds for a new trial:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B(1)  Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"B(2)  Misconduct of the jury or prevailing party.

"B(3)  Accident or surprise which ordinary prudence could not have guarded against.

"B(4)  Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

"B(5)  Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"B(6)  Error in law occurring at the trial and objected to or excepted to by the party making the application."

1038 (1971) (stating that effects such as loss of passport, loss of voting privileges, and undesirable discharge are "too remote" to be required to tell defendant).

■ We agree with the trial court and the state that there is no requirement that a defendant must be advised that, by waiving the right to a jury trial, the defendant also forgoes the right to move for a new trial. Accordingly, because defendant knew that he was waiving his right to a jury trial, his waiver was intelligently, knowingly, and voluntarily made. The fact that he did not realize that he would not be able to file a motion for a new trial were he to be found guilty by the court does not render his waiver of a jury trial invalid.

Affirmed.