Argued and submitted September 29, 2020, affirmed October 20, 2021, petition for review denied April 7, 2022 (369 Or 507)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MIGUEL ANGEL ESPINAL,
*Defendant-Appellant.*

Clackamas County Circuit Court
17CR75186; A168728

497 P3d 1258

Thomas J. Rastetter, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for murder, ORS 163.115.[1] We reject his first through third, seventh and eighth assignments of error for the reasons below. We reject his fourth, fifth, and sixth assignments of error without discussion. We affirm.

In the first of three related assignments of error, defendant contends that his right to a trial by an impartial jury was violated because, after the verdict had been rendered in a bench trial, the trial judge was reminded that she had represented the person who was the murder victim in this case in an unrelated case six years before in which that person was charged with driving under the influence of intoxicants. According to defendant, those circumstances are such that a "reasonable person would question the judge's impartiality" under the Oregon Code of Judicial Conduct and thus the trial judge was required to disclose them, given defendant's right to a jury under Article I, section 11, of the Oregon Constitution or the Sixth Amendment to the United States Constitution. Defendant relies on the standard set out in Rule 3.10(A) of the Oregon Code of Judicial Conduct (CJC) to evaluate whether the circumstances present an appearance of bias that would require the judge to disqualify herself. That ethical standard involves a question whether "a reasonable person would question the judge's impartiality."[2] Contending that these circumstances present a question of impartiality, defendant would extend that ethical standard so as to require a judge's disclosure of past events of which the judge has no present memory—before defendant enters a general waiver of his right to a jury. Assuming without deciding that the ethical standard bears

---

[1] The court also found defendant guilty of unlawful use of a weapon, ORS 166.220. That verdict was merged with his conviction for murder. Judge Karabeika conducted trial. Judge Rastetter sentenced defendant and signed the judgment of conviction.

[2] In part, CJC Rule 3.10(A) provides:

"A judge shall disqualify himself or herself in any proceeding in which a reasonable person would question the judge's impartiality, including but not limited to the following circumstances:

"(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding."

on a criminal defendant's right to trial by jury, we reject the premise of the argument that the circumstances present in this case were such that a "reasonable person would question the judge's impartiality." *See State v. Langley*, 363 Or 482, 504-05, 424 P3d 688 (2018) (considering a defendant's suggested reliance on the same standard).

Defendant's second and third assignments turn on the same facts. Given the procedural circumstances presented, the trial court did not err in rejecting defendant's motion for a new trial or motion in arrest of judgment. *See* ORS 135.630(1), (4) (establishing the grounds for which a motion in arrest of judgment is available, neither of which is present here); *State v. Stewart*, 239 Or App 217, 221, 244 P3d 816 (2010) (explaining that "if a defendant waives the right to a jury trial, ORS 136.535 does not authorize the trial court to grant defendant a new trial").

In his seventh and eighth assignments of error, defendant relies on our erroneous decision in *State v. Link*, 297 Or App 126, 441 P3d 664 (2019), *rev'd*, 367 Or 625, 482 P3d 28 (2021), to argue that his sentence of life with a mandatory minimum of 25 years violates the Eighth Amendment to the United States Constitution. Because the Oregon Supreme Court reversed that decision and rejected its reasoning, *Link*, 367 Or at 365-67, defendant's seventh and eighth assignments of error are unavailing.

Accordingly, we affirm.

Affirmed.