Argued and submitted April 11, affirmed May 11, petition for review denied
September 1, 2022 (370 Or 212)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISIKAR RIEUO,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR58968; A174538

510 P3d 291

Andrew M. Lavin, Judge.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant waived his right to a jury and was found guilty of kidnapping in the second degree, sexual abuse in the second degree, two counts of sexual abuse in the third degree, and rape in the third degree. On appeal, defendant advances four assignments of error, arguing that the trial court erred: (1) by accepting an invalid jury waiver; (2) by conducting a bench trial based on an invalid waiver; (3) by denying his motion for a new trial; and (4) by entering a judgment of conviction for each count based on court verdicts when defendant had not made a valid jury waiver. We affirm.

Defendant's first two assignments of error assert that the trial court plainly erred in accepting his jury waiver and conducting a bench trial because his jury waiver was made without the knowledge of the right to a unanimous guilty verdict by the jury as required by *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We recently rejected similar arguments in *State v. Austin*, 316 Or App 56, 59, 501 P3d 1136 (2021), *rev den*, 369 Or 675 (2022), which controls the outcome in this case.

Turning to defendant's third assignment of error challenging the trial court's denial of a motion for a new trial, we conclude that the trial court correctly recognized that it could not grant a motion for a new trial. As we recently reiterated in *State v. Keene*, 317 Or App 19, 25, 505 P3d 418 (2022), "a motion for a new trial is not available in a criminal case tried to the bench." *See also State v. Stewart*, 239 Or App 217, 220-21, 244 P3d 816 (2010) (explaining that "the inability of a trial court to entertain a defendant's motion for a new trial in a criminal case is a peripheral result of waiving the right to a jury trial"). The statute governing new trials in criminal cases, ORS 136.535, does not incorporate ORCP 64 C, the ORCP provision governing new trials in cases tried to the bench. Accordingly, defendant's third assignment of error does not provide a basis for relief.

Finally, because we conclude that the trial court did not plainly err in accepting defendant's jury waiver and that the trial court had no authority to grant the motion

for a new trial, we reject without further discussion defendant's fourth assignment of error challenging the entry of the judgment of conviction.

Affirmed.