Argued September 25, affirmed October 15, 1970

## STATE OF OREGON, *Respondent, v.*
## STEVEN JAMES SWINT, *Appellant.*

475 P2d 434

*Jere M. Webb,* Portland, argued the cause for appellant. On the brief was Howard M. Feuerstein, Portland.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

The defendant, represented by counsel, went to trial before a jury on the charge of first degree murder. When the state rested, after four days of state's evidence, the defendant, over the objection of his counsel, waived trial by jury. The rest of the case was heard by the trial judge sitting without a jury. The trial judge found the defendant guilty as charged. He now appeals, contending that the trial court erred in granting his request to waive trial by jury, and in ordering that the jury be discharged.

■ The defendant tells us that to be effective, a waiver of the constitutional right to trial by jury must consist of an intelligent and competent decision by the accused to relinquish a known right, citing *Brookhart v. Janis*, 384 US 1, 4, 86 S Ct 1245, 16 L Ed 2d 314 (1966) ; *Johnson v. Zerbst*, 304 US 458, 464-65, 58 S Ct 1019, 82 L Ed 1461, 146 ALR 357 (1938) ; and *Patton v. United States*, 281 US 276, 50 S Ct 253, 74 L Ed 854, 70 ALR 263 (1930). With this principle we have no quarrel, but an application of the principle to the facts of this case results in our concluding that the trial judge correctly found that the defendant's waiver of jury trial was an intelligent and competent decision of the defendant.

Prior to trial defendant was subjected to a psychiatric evaluation. The report indicated that the

defendant was suffering from "paranoic trends," but that no hallucinations or delusional thought processes were observed. After the state had rested, the defendant insisted that he waive the jury. He gave as his reasons, among others, that he thought the jury was against him, one juror was glaring at him, he didn't trust the jury, and that a judge would be "broader-minded" than "regular people." Both the trial judge and defense counsel urged defendant not to waive the jury. When the defendant persisted, the court had him examined by a psychiatrist, who testified:

"Q. And in giving you those reasons did it seem to you that he was acting intelligently and in possession of his faculties?

"A. Yes, sir, I felt he was fully capable to express himself and that his responses were reasonable.

"Q. Well, in summary your opinion would be what, Doctor?

"A. My opinion at this time is that the defendant, Mr. Swint, is capable intelligently of reaching a decision to whether or not he should waive trial by jury and have the trial conducted by Your Honor."

Thereafter, having carefully instructed the defendant as to his rights, and the effect of his waiver, the court permitted the defendant to execute the jury waiver form and the trial proceeded without a jury.

■ Defendant argues that his decision was the product of mental illness. To the contrary, the record indicates his decision was based upon entirely rational reasons similar to those which have led many a lawyer to settle out of court or to try the case to a judge. The state had rested. Both the defendant and the jury had heard four days of state's evidence offered to prove guilt. It is not surprising that the defendant was in

a highly emotional state, regardless of his psychiatric background.

It is clear that the defendant waived the jury because he considered it more likely that he could persuade a judge than a jury of his innocence. He apparently achieved this conclusion because of the expression on a juror's face, because he felt that he could tell his story more comfortably to a judge, and that he just did not trust the people on the jury. His was a rational exercise of rights based upon the same intuitive factors that any other person uses in choosing a trier of fact. The psychiatrist concluded and testified that the defendant's reasons were reasonable and the court agreed.

The fact that the defendant concluded that a judge would be "broader-minded" than "regular people" is not necessarily an indication of insanity— nor need a client be insane to disagree with his attorney's recommendation. Perhaps that is why the right to jury trial is assured to the defendant, not to the lawyer. Art I, § 11, Oregon Constitution.

The meticulous attention of the trial court to the protection of the defendant's right to jury trial, particularly as affected by the possibility of impaired competence, was commendable, and the acceptance of the waiver was proper.

Affirmed.