Argued January 27, affirmed February 17, 1976

STATE OF OREGON, *Respondent,*
*v.*
JAMES ADDISON IRBY, *Appellant.*
(No. C75-02-0499 Cr, No. C 75-02-0426 Cr, CA 4904)
545 P2d 1399

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

## LANGTRY, J.

Defendant appeals from court convictions and sentences for first degree rape, ORS 163.375, and for bribing a witness, ORS 162.265. Defendant with clear understanding of his rights and in proper form waived jury trial on both charges and requested court trial, which was granted. The prosecutor had, at that point, already announced that the rape and the bribery charges would be tried "sequentially." We consider only one allegation of error worthy of consideration by written opinion, relating to the judge's refusal to allow withdrawal of the waiver of jury trial on the second charge.

In his opening statement the prosecutor said:

"* * * The State will offer evidence of that subsequent crime [bribery] in the case in chief that it presents * * * for * * * rape * * *."

Defense counsel made no comment in this regard.

The testimony that followed, ostensibly in the rape case, was quite sufficient to present fact-finder questions with reference to each crime. Defense counsel made no objection to the substance of the testimony about a bribe from defendant to the prosecutrix (and an offer of a bribe to her girl friend) to secure testimony that would exonerate defendant of the rape charge, and cross-examined thereon at length. The prosecutor in his final argument made the point that the testimony about the acts of bribery "aren't the acts of an innocent man * * *." Defense counsel argued that the evidence of bribery did not support an inference of guilt of the rape charge. After arguments concluded the court, inter alia, commented:

"The defendant was so concerned about the crime that he attempted to bribe a witness, but he [says he] didn't talk to any of his witnesses [several of whom had testified to having frequently seen prosecutrix and defendant together in compromising circumstances, which prosecutrix and her witnesses had disputed in their previous testimony] * * *. That defies belief.

"* * * I * * * find * * * defendant guilty of rape * * *."

Then the prosecutor asked the judge to take notice of the testimony he had received in the rape case with regard to bribery and that "* * * We have no further testimony in that [bribery] case." The judge offered defendant the opportunity of having "the evidence offered again. The [bribery] case is set to follow." Defense counsel wanted it offered again, and it was agreed, it being in the morning, that the witnesses would be returned for an afternoon session.

When court reconvened in the afternoon, defendant moved for the judge to recuse himself, his counsel saying:

"* * * Your Honor has taken a position on the credibility of many of the witnesses * * * the Court would be unable to fairly try the charge of bribing * * *."

The court said,

"Wasn't this an inevitable result of having the cases assigned out together and asking that they be tried consecutively? I assume you wouldn't be asking me to recuse myself if I had found your client not guilty.",

and it refused the motion. Defendant then moved to withdraw his waiver of jury trial on the bribery charge. That motion also was denied, and then, by stipulation, the bribery charge was submitted on the evidence the court had heard in the rape case, and the court found guilt.

The defense obviously was well aware in advance of any trial of the evidence which would be produced to support the bribery charge. Hence, when defendant waived jury and consented to sequential trials by the court, he knew that the evidence of both charges was so intermixed that logically it all must be heard at once. He does not complain that the judge was prejudiced against him before hearing the evidence; rather, he really is complaining that the judge should not have made a finding of fact against him, based on competent evidence.

It appears to us, in the context in which it occurs, that the judge's comment at the end of the rape case with reference to bribery is only what might logically be expected if the prosecution's evidence, rather than defendant's, is more worthy of belief. Hence, it shows no lack of impartiality.

Defendant relies upon a Kansas case, *State v. Pruett,* 213 Kan 41, 515 P2d 1051 (1973). There, where defendant had waived jury trial on two charges to be tried together, the trial judge before commencing the case improperly, under Kansas law, directed the prosecutor to proceed in felony on the second charge, where the prosecutor had moved to proceed in misdemeanor. Then the trial judge denied a defense motion to withdraw the waiver of jury trial. The Kansas Supreme Court held that allowance of such a withdrawal is discretionary, in view of all of the circumstances, saying the defendant is entitled to a judge who is " '* * * wholly free, disinterested, impartial or independent.' " 213 Kan at 48. Because the judge had departed his role to insist on prosecution for felony *before the case commenced,* it was held the judge had abused his discretion in denying the withdrawal of waiver. The case is distinguishable from that at bar. Here, the questioned comment of the judge indicates only a fair appraisal of the evidence, *after he has heard it.* He acted within the bounds of his discretion when he denied the motions to recuse and to withdraw the waiver of jury on the bribery charge.

Affirmed.