Argued and submitted December 14, 1981, affirmed May 12, 1982

STATE OF OREGON,
*Respondent,*

*v.*

BRUCE JOHN VILLAREALL,
*Appellant.*

(No. 28117, CA A21773)

644 P2d 614

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Daryl D. Wilson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for two counts of robbery and two counts of kidnapping after a trial to the court. The sole issue on appeal is whether the court erred in denying his motion to withdraw his waiver of the right to a jury trial. We affirm.

Trial was originally scheduled for March 17, 1981. On March 16, defendant executed a written waiver of jury trial. The waiver was not filed then, because the state asked for a continuance due to the absence of two out-of-state witnesses. The trial was reset for April 15. Two days prior to that date a hearing was held to determine whether the state would be able to produce the two witnesses. The state informed the court that the witnesses would appear at trial. Defendant and his counsel were present and filed the previously executed waiver of jury trial.

On the morning of the day set for trial defendant moved to withdraw his waiver and to be tried by a jury. Because of another trial in progress, defendant's trial was not scheduled to begin until that afternoon. Defendant's counsel, in requesting jury trial, asked that the case be continued until the following Monday. He stated that, if necessary, he was prepared to begin trial, as scheduled, that afternoon.

A "key consideration" for defendant's change of mind related to the two out-of-state witnesses. Defendant and his counsel had believed the two would not appear. On the day of trial, after considering the fact that the two witnesses would appear, defendant, with advice of his father and counsel, decided to request a jury trial.

In opposing defendant's motion, the state noted that defendant had waived jury trial on April 13 *after* he knew the two witnesses would appear. The prosecutor also stated that a continuance would cause a conflict, because only one judge would be sitting the next week and defendant's accomplice already was scheduled for a jury trial involving the same two out-of-state witnesses. The state indicated that a jury trial would take about two days.

The right to jury trial is guaranteed by the Oregon and United States Constitutions. *See* Or Const Art I, § 11;

US Const Amend VI; ORS 136.001(1). The right is personal to the defendant and may be waived. Or Const Art I, § 11[1]; ORS 136.001(2). To be effective, the waiver "must consist of an intelligent and competent decision by the accused to relinquish a known right." *State v. Swint,* 3 Or App 528, 529, 475 P2d 434 (1970). The validity of defendant's waiver of his right to jury trial is not at issue in this case. Defendant acknowledges that his written waiver was made intelligently and knowingly.

■　　Defendant argues that the right to withdraw the waiver *prior to trial* is absolute because the Constitution, in clear, mandatory language, provides a criminal defendant's *right* to a jury trial. We conclude that withdrawal of the waiver is subject to the trial court's discretion. Defendant executed a constitutionally effective waiver of his right to jury trial. The question is whether, in this case, the court abused its discretion.

Oregon appellate courts have not directly addressed the factors controlling the trial court's discretion in this situation.[2] Courts of other states have, however. The California Supreme Court has succinctly listed the relevant factors:

"'* * * Absent special circumstances the court may deny a motion to withdraw such a waiver especially where adverse consequences will flow from the defendant's change of mind. In exercising its discretion the court may consider such matters as the timeliness of the motion to withdraw the waiver, the reason for the requested withdrawal and the possibility that undue delay of the trial or inconvenience to witnesses would result from granting the motion." *People v. Chambers,* 7 Cal 3d 666, 670-71, 102 Cal Rptr 776, 498 P2d 1024 (1972).

---

[1] Oregon Constitution Article I, Section 11 provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *; provided, however, that any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing * * *."

[2] In *State v. Irby,* 24 Or App 465, 545 P2d 1399 (1976), the issue was whether the trial court abused its discretion in denying a motion to withdraw the waiver of jury trial. The underlying issue was a challenge to the impartiality of the trial judge. We concluded that the court did not abuse its discretion in denying defendant's motion to withdraw the waiver of jury trial.

*Accord, Scates and Blaylock v. State,* 244 Ark 333, '424 SW2d 876 (1968); *The State v. Rankin,* 102 Conn 46, 127 A 916 (1925); *Floyd v. State,* 90 So2d 105 (Fla 1956); *Wadlington v. State,* 164 Ind App 255, 328 NE2d 458 (1975); *State v. Blanton,* 203 Kan 81, 453 P2d 30 (1969); *State v. Catanese,* 385 So2d 235 (La 1980); *State v. Jones,* 270 Md 388, 312 A2d 281 (1973); *State v. Edwards,* 4 Ohio App 2d 261, 31 Ohio Op 2d 390, 208 NE2d 758 (1965); *Thomas v. Commonwealth,* 218 Va 553, 238 SE2d 834 (1977); *see generally Annot.,* 46 ALR2d 919 (1956); 50 CJS, *Juries* § 111(b) (1947).

■　　　We conclude the trial court did not abuse its discretion. The motion was made on the day of trial and only two days after defendant had voluntarily waived, in writing and in open court, his right to jury trial. His reason for the motion was based on trial strategy only, and there was no suggestion that he would receive an unfair trial from the judge sitting without a jury. Had the motion been granted, the trial would have been delayed and witnesses unduly inconvenienced. The motion was properly denied.

Affirmed.