Argued and submitted September 28, 2018, affirmed April 1, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KELLIE ANNE HAYTER,
*Defendant-Appellant.*

Washington County Circuit Court
16CR53075; A164242

463 P3d 33

Defendant appeals a judgment of conviction, after a bench trial, on one count of possession of methamphetamine, assigning error to the trial court's denial of her motion to withdraw a jury-trial waiver. *Held*: The trial court considered appropriate factors in rejecting defendant's request and was not required to explain its discretionary ruling in greater detail. The trial court's ruling was within the permissible range of legally correct outcomes and was therefore a permissible exercise of the court's discretion.

Affirmed.

Janelle F. Wipper, Judge.

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Band enjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Shorr, Judge, and Landau, Senior Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction, after a bench trial, on one count of possession of methamphetamine, ORS 475.894. She assigns error to the trial court's denial of her motion to suppress evidence obtained after a search of her car and to the court's denial of her motion to withdraw a jury-trial waiver. We write to address only the jury-waiver issue, conclude that the trial court did not abuse its discretion in rejecting defendant's request, *see State v. Stewart*, 239 Or App 217, 220, 244 P3d 816 (2010) (court reviews trial court's ruling on withdrawal of jury waiver for abuse of discretion), and affirm.

At a hearing on the day before her trial, defendant submitted a written request for waiver of a jury trial. The court engaged in a colloquy with defendant and accepted defendant's waiver. It is undisputed that the waiver was valid. The court cancelled the request for jurors to be called for defendant's trial. On the morning of trial, defense counsel told the court that defendant wanted to withdraw her waiver. Defense counsel did not give a specific reason, other than defendant's change of mind, for her request to withdraw her waiver. No jurors were available. The court denied the request, stating, "[B]ased on the fact that there was sufficient colloquy and the waiver was accepted yesterday, I am not going to allow [defendant] to change her mind at this point." The parties agreed to try the case to the court, and defendant was convicted.

On appeal, defendant contends that the trial court abused its discretion in denying her request to withdraw her jury-trial waiver, because, in the absence of a finding that defendant's motivation for the request was tactical or made in bad faith, the court was required as a matter of law to grant it. The state responds that it was well within the trial court's discretion to deny defendant's request. We conclude that the state is correct.

In *State v. Villareall*, 57 Or App 292, 295, 644 P2d 614 (1982), quoting with approval from an opinion of the California Supreme Court, we addressed factors that a

court might consider in considering a request to withdraw a waiver of a jury trial:

> "'Absent special circumstances the court may deny a motion to withdraw such a waiver especially where adverse consequences will flow from the defendant's change of mind. In exercising its discretion the court may consider such matters as the timeliness of the motion to withdraw the waiver, the reason for the requested withdrawal and the possibility that undue delay of the trial or inconvenience to witnesses would result from granting the motion.'"

*Villareall*, 57 Or App at 295 (quoting *People v. Chambers*, 7 Cal 3d 666, 670-71, 102 Cal Rptr 776, 498 P2d 1024 (1972)). "Absent special circumstances," in the exercise of discretion, a court may deny a motion to withdraw a waiver. Defendant does not cite any "special circumstance" here that would preclude the court from exercising discretion to reject defendant's request. Defendant argues, simply, that the record does not show that the court considered the factors set forth in *Chambers* and cited in *Villareall* and that a proper consideration of those factors requires the granting of the request. Further, defendant contends, in light of the fundamental nature of the right to a jury trial, in the absence of prejudice to the prosecution or evidence that a defendant seeks to withdraw a waiver for strategic reasons or in bad faith, a trial court should defer to a defendant's request.

In making discretionary rulings, a trial court acts within certain legal boundaries to choose from several permissible outcomes:

> "Judicial discretion should *** be exercised according to fixed legal principles in order to promote substantial justice. *** In short, judicial discretion is always bounded by a simple framework: It must be lawfully exercised to reach a decision that falls within a permissible range of legally correct outcomes."

*State v. Harrell/Wilson*, 353 Or 247, 254, 297 P3d 461 (2013) (internal citations and quotation marks omitted) (setting out factors for trial court to consider on a jury-waiver request); *see also State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) ("[D]iscretion, as this court has used that term, refers to the authority of a trial court to choose among several legally

correct outcomes."). A court abuses its discretion if its decision is outside the range of legally permissible choices or exceeds the bounds of reason. *State v. Garrison*, 266 Or App 749, 756, 340 P3d 49 (2014), *rev den*, 356 Or 837 (2015); *see also Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005) ("The trial court abuses its discretion if it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence.").

Here, the consideration that the court cited in rejecting defendant's request was the fact that the court had accepted defendant's valid waiver just one day before the scheduled trial. Conceivably, the court could also have relied on other factors that can be inferred from the record, such as judicial economy or inconvenience to witnesses. The court did not make findings as to other factors, nor was it asked or required to do so. *See State v. Anderson*, 363 Or 392, 409, 423 P3d 23 (2018) (in assessing sufficiency of trial court's explanation of its discretionary ruling under OEC 403, appellate court should consider court's ruling in light of arguments made on merits of issue raised by objection, as well as whether either party asked court to provide a more complete explanation of its ruling).

In reviewing the trial court's discretionary ruling, it is not this court's duty to reweigh the relevant considerations but only to determine whether the court weighed appropriate considerations and whether its ruling was legally permissible. The trial court's cited reason—the court's approval of a valid waiver just the day before—was an appropriate consideration. *See Villareall*, 57 Or App at 296. The court was not required to say more, *cf. Anderson*, 363 Or at 409 (in light of the parties' arguments and defendant's failure to raise any issue at trial regarding sufficiency of court's explanation of its ruling, record sufficiently reflects that the trial court balanced probative value of evidence against its prejudicial effect), and defendant has cited no "special circumstance" that precluded the court from exercising its discretion to deny defendant's request. *Villareall*, 57 Or App at 295 (in absence of "special circumstances," court has discretion to deny motion to withdraw jury-trial waiver). On this record, we conclude that the trial court's denial of defendant's

request to withdraw her waiver of a jury trial was within the permissible range of legally correct outcomes and was, therefore, a permissible exercise of the court's discretion.

Affirmed.