822 February 12, 2025 No. 103

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE ARTHUR GILMAN,
Defendant-Appellant.

Clatsop County Circuit Court
22CR28731; A181294

Beau V. Peterson, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant appeals a judgment of conviction for felon in possession of a firearm (Count 3), failure to report as a sex offender (Count 4), and menacing constituting domestic violence (Count 5). On appeal, defendant challenges his conviction on Count 3, arguing that the trial court abused its discretion when it admitted Exhibit 10, a photograph of defendant holding a large assault rifle. We affirm.

We review a trial court's decision to admit evidence under OEC 403 for abuse of discretion. *State v. Slay*, 331 Or App 398, 401, 545 P3d 768, *rev den*, 372 Or 560 (2024). Under OEC 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The trial court must compare and balance the proponent's need for the evidence against the danger of unfair prejudice and decide whether to admit all, none, or some of the evidence. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).

Here, the charge in Count 3 was based on a pistol that police found on June 15, 2022, in an RV that defendant shared with his partner. Exhibit 10 was relevant and had some probative value because the photograph might have depicted defendant holding the pistol in a holster. The photograph also depicted defendant, at a different time and place, holding a large, military-style rifle. However, the trial court mitigated the risk of unfair prejudice by providing a limiting instruction regarding Exhibit 10. It explained that the jury should "disregard the rifle or shotgun" that defendant appeared to be firing, and that the jury could only consider Exhibit 10 in determining whether defendant had possession of, or custody or control over, the pistol referenced in Count 3. As a result, the trial court weighed the appropriate factors and its decision to admit Exhibit 10, subject to a limiting instruction, was legally permissible and not an abuse of discretion. *See State v. Hayter*, 303 Or App 235, 238, 463 P3d 33 (2020), *rev dismissed*, 369 Or 705 (2022) (stating that a trial court abuses its discretion "if its decision is outside the range of legally permissible choices or exceeds the bounds of reason").

Defendant points out that the jurors asked a question during deliberations about whether they could consider defendant's possession of other guns. Defendant argues that the question shows that, despite the limiting instruction, the jurors were not clear about the scope of which firearms they could consider when deciding the felon-in-possession charge. However, in response to the question, the trial court provided a second limiting instruction. It explained that, for Count 3, the jury "should focus on the evidence that was presented as to the alleged possession of the charged weapon on or about June *** 15, 2022." Jurors are presumed to follow their instructions "absent an overwhelming probability that they would have been unable to do so." *State v. Kehoe*, 335 Or App 722, 730, 560 P3d 774 (2024). Therefore, even if the first limiting instruction was insufficient, we presume that the second one cleared up any lingering confusion about which firearms the jurors could consider under Count 3. The trial court did not err in admitting Exhibit 10, and the error, if any, was harmless.

Affirmed.