No. 464 May 28, 2026 123

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE GILBERT DART,
*Defendant-Appellant.*

Josephine County Circuit Court
23CR32087, 23CR50938; A183661 (Control), A183663

Robert S. Bain, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Attorney General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated appeal,[1] defendant appeals a judgment of conviction for assault in the second degree (Count 1) and unlawful use of a weapon (Count 2). The court sentenced defendant to 70 months' incarceration with three years' post-prison supervision on Count 1 and merged Count 2 with Count 1. On appeal, defendant challenges the sentence as unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. Defendant further contends that the trial court abused its discretion when it declined to opt out of Measure 11 sentencing under ORS 137.712. As explained below, we affirm.

*Oregon Constitution, Article 1, section 16*: Article I, section 16, provides that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." A punishment violates Article I, section 16, only in the rare circumstance that it is so disproportionate to the offense as to "shock the moral sense of all reasonable persons as to what is right and proper under the circumstances." *State v. McCombs*, 330 Or App 545, 563, 544 P3d 390, *rev den*, 372 Or 718 (2024) (internal quotation marks and brackets omitted); *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009). Importantly, "[a] sentence may be harsh without being unconstitutionally disproportionate[.]" *State v. Lara-Vasquez*, 310 Or App 99, 110, 484 P3d 369, *rev den*, 368 Or 561 (2021).

Because defendant did not argue to the trial court that the mandatory sentence was unconstitutionally disproportionate, and his argument is therefore unpreserved, defendant asks that we review his claim for plain error. An error is plain if (1) the error is an error of law; (2) the error is "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) the error appears on the record such that the court "need not go outside the record or choose

---

[1] In case number 23CR32087, defendant was charged by indictment with Count 1, fleeing or attempting to elude a police officer, ORS 811.540; and Count 2, reckless driving, ORS 811.140. The trial court dismissed Count 2, reckless driving, on the state's motion. A jury convicted defendant of attempt to elude and the trial court imposed a sentence of 18 months' probation. Defendant does not raise any issues related to case number 23CR32087 on appeal.

between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

In reviewing a disproportionality challenge under Article I, section 16, we conduct a three-part analysis. First, we compare the severity of the penalty and the gravity of the offense. *Rodriguez/Buck*, 347 Or at 58. In assessing the gravity of the offense, relevant considerations include "the general definition of the crime, the specific circumstances and facts of [the] defendant's conduct, characteristics of [the] defendant and the victim, the harm to the victim, the relationship between [the] defendant and the victim, and other case-specific factors." *Lara-Vasquez*, 310 Or App at 105. Second, we compare the penalties imposed for other, related crimes. *Rodriguez/Buck*, 347 Or at 58. Third, we consider the defendant's criminal history. *Id*.

On appeal, defendant argues that he was "clearly struggling with mental health issues at the time" he committed his crimes, and that his sentence was unconstitutionally disproportionate given that his statements at that time were "nonsensical and out of line with reality." Having reviewed the relevant factors, we are unpersuaded, in the plain error context, that this is one of those "rare circumstances" in which defendant's sentence is constitutionally disproportionate. *See State v. Horseman*, 294 Or App 398, 408, 432 P3d 258 (2018), *rev den*, 364 Or 723 (2019) (explaining that a sentence is disproportionate only if it "shock[s] the moral sense of all reasonable people" and that "judicial review of the constitutionality of penalties will only in rare circumstances result in a holding of unconstitutional disproportionality" (internal quotation marks omitted)). Therefore, we conclude that the trial court did not plainly err when it sentenced defendant to 70 months' incarceration.

*Measure 11 Opt-Out Provision, ORS 137.712*. In a preserved argument, defendant contends that the trial court abused its discretion when it sentenced him on Count 1 under Measure 11 and denied his request for a downward departure under ORS 137.712. We review a trial court's decision not to sentence an eligible defendant under ORS 137.712 for abuse of discretion. *State v. Crescencio-Paz*, 196

Or App 655, 664, 103 P3d 666 (2004), *rev den*, 339 Or 230 (2005). ORS 137.712 provides, in part:

> "(1)(a)  Notwithstanding ORS 137.700 \*\*\*, when a person is convicted of \*\*\* assault in the second degree as defined in ORS 163.175 (1)(b), \*\*\* the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 \*\*\* if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence.
>
> "\*\*\*\*\*
>
> "(2)  A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:
>
> "\*\*\*\*\*
>
> "(b)  If the conviction is for assault in the second degree:
>
> "(A)  That the victim was not physically injured by means of a deadly weapon;
>
> "(B)  That the victim did not suffer a significant physical injury; and
>
> "(C)  That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."

ORS 137.712. Therefore, the trial court must decide whether defendant's conviction is eligible for a downward departure under ORS 137.712(2) and whether there is a "substantial and compelling reason" to impose a downward durational departure sentence under ORS 137.712(1). Defendant argues that because he did not use a "deadly weapon," the injury inflicted was "fairly minor," and defendant was "clearly struggling with mental health issues at the time," the trial court erred because it abused its discretion when it denied his request for a downward departure.

Having reviewed the record, we conclude that the trial court did not abuse its discretion. A trial court's "'discretion' \*\*\* refers to the authority of a trial court to choose

among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). "[I]t is not this court's duty to reweigh the relevant considerations but only to determine whether the [trial] court weighed appropriate considerations and whether its ruling was legally permissible." *State v. Hayter*, 303 Or App 235, 238, 463 P3d 33 (2020), *rev dismissed*, 369 Or 705 (2022). Here, the trial court heard testimony from defendant and from the arresting officer regarding the weapon—a three-inch folding pocketknife. The trial court also heard testimony from the treating emergency physician regarding the victim's injury, consisting of a laceration to the left "inner thigh" which the physician testified was "three centimeters wide by about eight" centimeters deep. The physician testified that the laceration was "fairly close to * * * the greater saphenous vein," and was about six centimeters from the femoral artery, which, "if completely lacerated, [the victim] could [have] hemorrhage[d] from." The physician also testified that the victim's injury required internal and external stitches to close the wound.

At sentencing, the trial court heard testimony from the victim and from defendant regarding the incident, and the trial court determined that there was no "substantial and compelling reason to leave the rubric of Measure 11." The trial court made that determination because defendant's claim of a mental health issue was "only speculation," because of defendant's failure to "accept[] accountability," and because "there [was] an aggravating factor, [in that defendant was] on supervision at the time [he] committed the assault on [the victim]." Given the record before the trial court and the reasons the court provided for its decision, we conclude that the trial court acted within its discretion to deny defendant's request for a downward departure under ORS 137.712.

Affirmed.