Argued and submitted October 30, 2018, reversed and remanded
October 16, 2019

OMTEME MONI BLAYWAS SANDERS,
*Petitioner-Appellant,*

*v.*

Steve BROWN,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
150107CV; A163875

452 P3d 1032

Petitioner seeks post-conviction relief. He assigns error to the post-conviction court's conclusion, as a matter of law, that petitioner's counsel was not ineffective for failing to inform petitioner of how time served would be calculated, because that level of specificity is never required by the state or federal constitutions. The post-conviction court did not make factual findings as to whether petitioner's counsel misrepresented how credit for time served would be calculated or determine whether petitioner was prejudiced. *Held*: Under the Oregon Constitution, counsel must inform a client of those circumstances that counsel knows to be material to their client's decision whether to plead guilty and waive jury trial rights. *Long v. State of Oregon*, 130 Or App 198, 202, 880 P2d 509 (1994). The Court of Appeals reversed and remanded for the post-conviction court to determine whether petitioner's counsel misinformed him and, if so, whether he was prejudiced.

Reversed and remanded.

Robert F. Nichols, Jr., Judge.

Jason Weber argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Petitioner pleaded guilty to two counts of assault in the second degree pursuant to a plea agreement; the two counts arose from two separate incidents. Petitioner claims that the agreement was for petitioner to receive equal credit for time served on both of his offenses, despite having served differing amounts of time for each offense. Ultimately, it was determined that petitioner could not lawfully be credited with equal time served, because the offenses were not related. That resulted in petitioner receiving time served credit for 100 days fewer than he anticipated.

Petitioner now seeks post-conviction relief. The primary issue before us is whether the post-conviction court erred in denying petitioner relief based on its conclusion, as a matter of law, that petitioner's counsel was not ineffective for failing to inform petitioner of how time served would be calculated, because that level of specificity is never required by the state or federal constitutions. We conclude that the post-conviction court erred. In order to be adequate under the Oregon Constitution, a lawyer must accurately apprise a client of consequences counsel knows to be material to the client's decision whether to accept a plea offer. We therefore reverse and remand for the post-conviction court to make findings as to whether petitioner's counsel misinformed him about the issue of credit for time served and, if so, whether he was prejudiced. Because we must reverse and remand under the Oregon Constitution, we do not reach petitioner's arguments under the federal constitution.

On September 9, 2011, petitioner was charged with assault in the second degree and five other offenses. All of the offenses were against his wife and arose out of one incident. The case was dismissed on February 22, 2013. Less than one month later, on March 14, 2013, petitioner was charged again for the same incident. Eleven days later, he was charged, based on a second incident with his wife, with assault in the second degree and three other offenses.

Petitioner pleaded guilty to two counts of assault in the second degree—one count for each incident—in exchange for the state's agreement to drop the other charges. The agreement provided that petitioner would be sentenced to 70

months on each count, with sentences to run concurrently. The parties then discussed with the court the credit that petitioner would receive for time served:

> "[DEFENSE COUNSEL]: He's also eligible to get credit for time served on that other case that's mentioned there, Your Honor.
>
> "[THE STATE]: Your Honor, what happened was this was charged in 2011 and then it was dismissed and refiled. So, he served time under that other case number with the same—
>
> "THE COURT: Okay, so in case 112466CR, you're going to get credit for the time you served on that case also.
>
> "* * * * *
>
> "[THE COURT]: You will receive credit for time served. Why should he get credit for the other case on this case?
>
> "[THE STATE]: Your Honor, it was the agreement that the understanding was—
>
> "THE COURT: It would be concurrent? Is that why you're getting it?
>
> "[THE STATE]: Yeah.
>
> "THE COURT: Okay. And it will be concurrent to the time that you get on the previous case we discussed and on case 112466."

Ultimately, petitioner received 195 days of credit for time served on the first charged offense because of the time he served on the related charge before the case was dropped and refiled. He only received 95 days of credit for time served on the second offense.

Petitioner then initiated this post-conviction proceeding. According to petitioner, the agreement among petitioner, his counsel, and the prosecutor was that he would receive equal credit for time served on each charge, which would mean 100 fewer days of incarceration. However, under ORS 137.370(2), a person may only receive credit for time served on related offenses, and petitioner's offenses were not related. Thus, petitioner contends, his counsel inadequately

advised him regarding the application of credit for time served. Petitioner further contends that that inadequate advice caused him to accept a plea deal that he otherwise would have rejected.

The post-conviction court rejected that claim. In so doing, it noted that the parties seemed to agree that petitioner would receive equal credit for time served on each case. The court did not, however, make express factual findings on the issue. Instead, the court reasoned that, as a matter of law, counsel was not required by either the state or federal constitution to give petitioner specific advice about credit for time served:

> "The 100 days that [is] involved is less than five (5) percent of the total time to which he was sentenced. In giving advice as to the consequences of a plea[,] neither the United States nor Oregon Constitution require the level of specificity requested by Petitioner. Counsel exercised reasonable skill and judgment."

The court thereafter entered judgment denying the petition for post-conviction relief.

Petitioner appeals, assigning error to the post-conviction court's denial of relief on his claim that his counsel was inadequate and ineffective when advising him to accept the plea agreement. Petitioner contends that his counsel was ineffective because counsel's failure to investigate the law resulted in misadvising petitioner that he would receive equal credit for time served. Respondent, the superintendent of Warner Creek Correctional Facility, maintains that petitioner's argument fails because the post-conviction court did not find as fact that equal credit for time served was part of the plea agreement.

"We review a post-conviction court's grant or denial of relief for legal error, accepting the court's implicit and explicit factual findings if there is evidence to support them." *Monfore v. Persson*, 296 Or App 625, 632, 439 P3d 519 (2019).

"[Adequate assistance] of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of jury trial[.]" *Krummacher v. Gierloff,* 290 Or 867, 874-75, 627 P2d 458 (1981).

Our cases explain that, under the Oregon Constitution, counsel must inform a client of those circumstances that counsel knows to be material to their client's decision of whether to plead guilty and waive jury trial rights. *See Long v. State of Oregon*, 130 Or App 198, 202, 880 P2d 509 (1994) ("Failure to inform a defendant of certain *consequences* of a criminal plea may also constitute inadequate assistance of counsel." (Emphasis in original.)). One such potential consequence is the length of the sentence to be served. *Hartzog v. Keeney*, 304 Or 57, 64, 742 P2d 600 (1987), *modified on other grounds by Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991).

Here, however, the post-conviction court did not make factual findings on whether petitioner was misinformed as to how credit for time served would be calculated or whether he was prejudiced. (If anything, the court suggested that the parties agreed to give petitioner equal credit for time served.) Instead, the court concluded as a matter of law that neither the state nor the federal constitution required petitioner to be precisely informed on the length of his sentence when the difference between petitioner's actual and anticipated sentence represented "less than five (5) percent of the total time to which he was sentenced." Because the court could find nothing requiring "the level of specificity requested by petitioner," the court concluded that petitioner's counsel was not ineffective. As two of our cases—*Hartzog* and *Long*—illustrate, that conclusion is incorrect. On this record, as the post-conviction court acknowledged, not receiving equal credit for time served for both sentences could have been a decisive factor for petitioner. Therefore, the level of specificity contemplated by the post-conviction court *is* required if petitioner's decision to accept a plea offer rested on those specific terms, and counsel was aware of that fact and advised petitioner about it.

In *Hartzog*, the Supreme Court concluded that the petitioner was entitled to relief when his counsel did not advise him that he could receive a mandatory minimum sentence of 10 years if he pleaded guilty. 304 Or at 59-60. The court reasoned that, when only informed of a maximum sentence, a defendant contemplating acceptance of a plea offer could reasonably expect to serve a shorter sentence by abiding by prison rules, but as for the mandatory incarceration

time that comes with a minimum sentence, "[t]hat consequence is one of which an accused must be aware in order to make an informed decision to waive his right to trial and to enter a plea of guilty." *Id*. at 64.

*Long* likewise provides useful guidance. In *Long*, the post-conviction court denied relief on the petitioner's claim that his trial counsel was inadequate and ineffective for misadvising the petitioner during the plea negotiations that his first-degree sexual abuse conviction could be expunged. 130 Or App at 201-02. The petitioner claimed that he would not have accepted the deal if he had known that the conviction could not be expunged. *Id*. at 201.

We reversed. Distinguishing between passive nondisclosure and affirmative misrepresentations by counsel, we explained that, "having undertaken to provide advice on expungeability in response to his client's expressed concerns, counsel was obliged to do so accurately and completely." *Id*. at 202-03. Although we stressed that not "every misrepresentation of penal consequences constitutes inadequate assistance of counsel," we explained that the prejudice element of an inadequate-assistance-of-counsel claim is the appropriate place for assessing whether counsel's erroneous advice during plea negotiations rises to the level of a constitutional violation. *Id*. at 203. We explained that the inquiry on the prejudice element should focus on whether the misunderstanding engendered by counsel's erroneous advice "played a significant role" in the petitioner's "consideration of the plea proposal." *Id*.

Here, the post-conviction court did not make factual findings as to whether petitioner's counsel misrepresented how credit for time served would be calculated or conduct the prejudice inquiry contemplated by *Long*.[1] Instead, as we

---

[1] Petitioner requests that this court direct the post-conviction court to apply the federal standard in determining whether counsel's alleged inadequacy prejudiced petitioner. In *Gable v. State of Oregon*, 353 Or 750, 305 P3d 85 (2013), the Supreme Court explained that the tests are functionally similar. *See id*. at 759-61 (explaining that the "reasonable probability" standard under the Sixth Amendment to the United States Constitution is similar to the legal showing that must be made under the Oregon Constitution, and differentiating that showing from the factual preponderance standard). We therefore decline to direct the post-conviction court to apply the federal standard, which we do not understand to differ materially from the state standard.

understand it, the court's ruling was based on its erroneous legal conclusion that counsel was never required to be as specific as petitioner requested in advising how time served would be calculated. Although the superintendent argues to the contrary that the post-conviction court found that it was not persuaded that petitioner had been misadvised about credit for time served, the court's written decision is not susceptible to that reading. If anything, the post-conviction court explicitly appeared inclined to accept petitioner's version of events:

> "[Defense counsel] argued that [petitioner] should receive credit for case number ***1102466CR in both cases before the court for sentencing. The [prosecutor] seemed to agree that it was the parties' agreement. The [trial court] seemed to Order that [petitioner] received credit on both cases, however, the court may have only been ordering the sentences were concurrent."

Ultimately the court did not need to reach the issue because it concluded, as a matter of law, that advice about credit for time served was never required by the state or federal constitution when that time served represents a small percentage of the total sentence.

Because the post-conviction court's ruling was based on an error of law, we reverse and remand for the post-conviction court to determine whether petitioner was misinformed and, if so, whether he would have accepted the plea deal if he knew that he would not be credited equal time served for each concurrent sentence.

Reversed and remanded.