Argued and submitted March 19, affirmed April 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OMAR GOMEZ,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR79692; A172493

485 P3d 314

Douglas V. Van Dyk, Judge.

Adam L. Dean argued the cause for appellant. Also on the brief was Dean Law Group, P.C.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for four sex offenses, raising three assignments of error. We affirm.

Defendant's first two assignments of error challenge the trial court's admission of a video recording of the victim's initial report to the police. The court admitted the recording under OEC 803(26)'s domestic-violence hearsay exception, and defendant contends on appeal that the court erred in doing so. But, as the state points out, in the trial court, defendant never contested that the recording was admissible under OEC 803(26). Defendant's only objection was that it should not be admitted because it "is duplicative, it's cumulative." Consequently, defendant's contentions regarding OEC 803(26) are not preserved for our review and we reject them for that reason.[1]

In his third assignment of error, defendant contends that the trial court erred in accepting his jury waiver. He argues that his waiver was invalid and involuntary because *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), had not been decided yet and, consequently, proceeding with a jury trial under Oregon law meant that he would be acceding to a violation of his incorporated Sixth Amendment to the United States Constitution right to have the jury reach a unanimous verdict to convict. But the record is silent as to what role, if any, the presence or absence of a unanimity requirement may have played in defendant's decision to waive jury and, consequently, is insufficient to allow for meaningful review of defendant's claim that his waiver was essentially compelled by Oregon's practice of allowing juries to convict by nonunanimous verdicts. We reject defendant's third assignment of error for that reason.

Affirmed.

---

[1] Defendant has not argued that the alleged errors qualify as plain errors.