Argued and submitted February 22, reversed and remanded June 16, 2021

JEREMY LEE SHAW,
*Petitioner-Appellant,*

*v.*

Colette PETERS,
Director,
Oregon Department of Corrections,
*Defendant-Respondent.*

Marion County Circuit Court
16CV32740; A171021

488 P3d 833

Dale Penn, Senior Judge.

Todd H. Grover argued the cause for appellant. Also on the brief was Ward Grover & Ash.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

This is an appeal from a judgment denying petitioner's post-conviction relief claims. We write only to address petitioner's third assignment of error, rejecting without discussion the remaining assignments. In the third assignment, petitioner argues that the post-conviction court erred in concluding that he had not proven that he received inadequate and ineffective assistance of counsel when his trial counsel misinformed him regarding credit for time served. Petitioner contends that there is a reasonable probability that he would not have accepted the plea deal if he had been properly informed. The superintendent concedes that the post-conviction court's ruling on petitioner's claim evinces a misunderstanding about the claim. The superintendent asserts that the correct disposition is to remand so that the post-conviction court can reconsider the claim. We agree and accept the state's concession and posited disposition. *See Sanders v. Brown*, 300 Or App 84, 90, 452 P3d 1032 (2019) ("Because the post-conviction court's ruling was based on an error of law, we reverse and remand for the post-conviction court to determine whether petitioner was misinformed and, if so, whether he would have accepted the plea deal if he knew that he would not be credited equal time served for each concurrent sentence.").

Reversed and remanded.