Submitted October 4, affirmed December 1, 2021, petition for review denied April 21, 2022 (369 Or 675)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS LLOYD AUSTIN,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR50415, 18CR56222;
A173041 (Control), A173042

501 P3d 1136

Defendant was convicted of arson and reckless burning. On appeal, he makes an unpreserved argument that the trial court erred by accepting his jury waiver and proceeding to a bench trial. That waiver occurred five months before the United States Supreme Court held in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that, under the Sixth Amendment, a criminal defendant may be convicted of a serious offense only by unanimous verdict. Defendant contends that his waiver of his constitutional right to a jury trial was not "knowing" because, given Oregon law before *Ramos*, he could not have known that the right he was relinquishing was the right to a jury trial with a unanimity requirement. *Held*: Under existing United States Supreme Court case law, it is not obvious or beyond dispute that the Sixth Amendment right to be convicted of a serious offense only by unanimous jury verdict is the type of information that a defendant must know for a jury waiver to be knowing and intelligent. Any error in accepting defendant's jury waiver was not "plain," defeating the unpreserved claim of error.

Affirmed.

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

In consolidated cases, defendant was convicted of one count of first-degree arson, ORS 164.325, and seven counts of reckless burning, ORS 164.335. He raises four assignments of error on appeal. In his first and second assignments, defendant claims that he was legally entitled to acquittal on all charges, for reasons related to the evidence of his mental state. In his third and fourth assignments, defendant claims that the trial court plainly erred by accepting his jury waiver and proceeding to a bench trial, "when the waiver could not have been made knowingly because *Ramos* had not been decided yet." In *Ramos v. Louisiana,* 590 US ___, 140 S Ct 1390, 1397, 1402, 206 L Ed 2d 583 (2020)—decided five months after defendant's trial—the United States Supreme Court held that, under the Sixth Amendment, a criminal defendant may be convicted of a serious offense only by unanimous verdict.

We reject defendant's first and second assignments of error without discussion and write only to address his third and fourth assignments.

In *State v. Gomez,* 310 Or App 693, 694, 485 P3d 314 (2021), the defendant argued that the trial court plainly erred by accepting his jury waiver, which he contended was "invalid and involuntary" because it occurred before *Ramos* was decided, at a time when proceeding to a jury trial risked being convicted by a nonunanimous verdict, under the then-existing authority of *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972). We rejected that argument on the basis that the record was "silent as to what role, if any, the presence or absence of a unanimity requirement may have played in defendant's decision to waive jury." *Id*. As a result, the record was "insufficient to allow for meaningful review of defendant's claim that his waiver was essentially compelled" by Oregon's pre-*Ramos* practice of allowing convictions based on nonunanimous jury verdicts. *Id*.

Defendant acknowledges our decision in *Gomez* but argues that *Gomez* involved the voluntariness of a pre-*Ramos* jury waiver, whereas the issue here is whether defendant's pre-*Ramos* jury waiver was "knowing." Defendant argues that his decision to waive jury and proceed with a bench

trial was not "knowing" because, given the state of Oregon law at the time that he waived, he could not have known that, if he was tried to a jury, he was entitled to be convicted only by unanimous guilty verdict. That is, he "could not have been aware that the right he was relinquishing was the right to a jury trial with a unanimity requirement."

As a general matter, the waiver of a constitutional right must be voluntary, knowing, and intelligent. *Colorado v. Spring,* 479 US 564, 572-73, 107 S Ct 851, 93 L Ed 2d 954 (1987) (discussing waiver of Fifth Amendment rights). It must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id.* at 573 (internal quotation marks omitted). And it must be made with awareness "both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (internal quotation marks omitted). A waiver is knowing and intelligent if it is made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 US 742, 748, 90 S Ct 1463, 1468, 25 L Ed 2d 747 (1970) (discussing whether a guilty plea was voluntary, knowing, and intelligent).

Defendant compares this case to *State v. Clark,* 220 Or App 197, 185 P3d 516 (2008), in which we considered a guilty plea entered before the United States Supreme Court's decision in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), wherein the Court held that a criminal defendant is generally entitled to have sentence enhancement facts found by a jury. In *Clark,* the defendant argued that he had not knowingly waived his right to a jury trial on enhancement facts, where his plea agreement provided that he was waiving the right to a "speedy and public trial by jury at which the State would be required to prove [his] guilt beyond a reasonable doubt." 220 Or App at 199. We agreed, reasoning, "The plea agreement indicates only that he knew that he had the right to a trial by jury at which the state would be required to prove his *guilt*. Neither the plea agreement nor anything else in the record supports the inference that defendant was aware that the jury trial right extended to sentencing facts." *Id.* at 202 (emphasis in original).

Ultimately, *Clark* turned on the scope of the defendant's jury waiver. Here, by contrast, defendant unambiguously waived the right to a jury trial, which is the only right at issue, including answering affirmatively when the trial court asked: "And you do give up your right to have this matter tried by a jury as to any facts, and you wish the matter to be totally tried by a judge; is that correct?" In this case, the issue is not whether defendant knew that he was giving up the right to a jury but, instead, whether defendant could "knowingly" and intelligently give up that right if he did not know that such right included the right to be convicted only by unanimous verdict. Or, to use the Court's words from *Brady*, 397 US at 748, the question is whether the federal constitutional right to be convicted only by unanimous jury verdict is one of the "relevant circumstances" that a defendant must know for his jury waiver to be knowing and intelligent.

Reiterating that the issue is before us in a plain-error posture, we conclude that the trial court did not err in accepting defendant's jury waiver and proceeding to a bench trial. Error is plain only when it is a legal error apparent on the face of the record and "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Under existing United States Supreme Court case law, it is not obvious or beyond dispute that the federal constitutional right to be convicted only by unanimous jury verdict is the type of "relevant circumstance" that a defendant must know for his waiver of the right to a jury trial to be knowing and intelligent.[1]

Two Supreme Court precedents involving guilty pleas are instructive. Pleading guilty entails the waiver of several constitutional rights, including the right to a jury trial, *see Boykin v. Alabama,* 395 US 238, 243, 89 S Ct 1709,

---

[1] For present purposes, we accept defendant's premise that he "could not have known that he had a right to unanimous jury before the United States Supreme Court announced the existence of that right in *Ramos*." The state challenges that premise—noting that, at the time of defendant's jury waiver, the Supreme Court had already granted *certiorari* and held oral argument in *Ramos*—and argues that, akin to *Gomez*, we could reject defendant's claim of error based on his failure to make a record as to what role, if any, the uncertainty surrounding *Ramos* had in his decision to waive jury. Because we conclude that, in any event, any error was not plain, we need not address that issue.

23 L Ed 2d 274 (1969), making those cases relevant despite their different context. In *Brady*, 397 US at 756, the petitioner alleged that his guilty plea was not voluntary, knowing, and intelligent, where he had pleaded guilty to avoid the possibility of a death sentence (based on his lawyer's advice), and, several years later, the Court issued a decision to the effect that he could not have been sentenced to death after a jury trial in that circumstance. The Court rejected the petitioner's argument, reasoning that his plea was intelligently made in light of the law as it existed at that time:

> "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, \*\*\* *a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.*"

*Id.* at 756-57 (citations omitted; emphasis added).

In *United States v. Ruiz,* 536 US 622, 629, 122 S Ct 2450, 153 L Ed 2d 586 (2002), the Court rejected the Ninth Circuit's view that a guilty plea was not voluntary unless, at the time of plea, the prosecutors had disclosed all materials that the defendant would be entitled to receive before trial commenced. The Court recognized that "the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be." *Id.* But it rejected the idea that a defendant must have "complete knowledge" to enter a valid plea, and even allowed for "various forms of misapprehension under which a defendant might labor":

> "[T]he Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of

misapprehension under which a defendant might labor. *See Brady v. United States*, 397 U. S., at 757 (defendant 'misapprehended the quality of the State's case'); *ibid.* (defendant misapprehended 'the likely penalties'); *ibid.* (defendant failed to 'anticipate' a change in the law regarding relevant 'punishments'); *McMann v. Richardson*, 397 U. S. 759, 770 (1970) (counsel 'misjudged the admissibility' of a 'confession'); *United States v. Broce*, 488 U. S. 563, 573 (1989) (counsel failed to point out a potential defense); *Tollett v. Henderson*, 411 U. S. 258, 267 (1973) (counsel failed to find a potential constitutional infirmity in grand jury proceedings)."

*Id.* at 630-31.

For the reasons discussed, we cannot say that the trial court plainly erred in accepting defendant's jury waiver and proceeding to a bench trial.

Affirmed.