Submitted December 30, 2021; remanded for resentencing, otherwise affirmed
February 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY DANIEL CULLEN PLYMYER,
aka Cody Daniel Cullen Plymer,
aka Cody D. C. Plymyer,
*Defendant-Appellant.*

Coos County Circuit Court
20CR00516; A173695

505 P3d 496

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant waived his right to a jury trial and was convicted of third-degree robbery, ORS 164.395 (Count 1), third-degree theft, ORS 164.043 (Count 2), and fourth-degree assault (Count 3). Defendant was sentenced to 40 months' imprisonment and 24 months' post-prison supervision for the Count 1 conviction. On appeal, defendant raises four assignments of error: (1) and (2) defendant's waiver was invalid because it was made without the knowledge of the right to a unanimous jury verdict for serious criminal offenses, *Ramos v. Louisiana*, 590 US ___, ___, ___, 140 S Ct 1390, 1397, 1402, 206 L Ed 2d 583 (2020), and therefore the trial court plainly erred when it accepted defendant's waiver of his right to a jury trial and conducted a bench trial without a valid waiver; (3) the trial court plainly erred when it failed to merge the theft guilty verdict into the robbery guilty verdict, in violation of ORS 161.067(1); and (4) the trial court plainly erred when it imposed a 64-month sentence on Count 1, which exceeds the statutory maximum by four months for Class C felonies.

As for defendant's assignments of error that claim the trial court plainly erred when it went ahead with a bench trial despite what defendant argues was an invalid waiver of his right to a jury trial, it is foreclosed by our decision in *State v. Austin*, 316 Or App 56, 59, 501 P3d 1136 (2021). There, we held that "it is not obvious or beyond dispute that the federal constitutional right to be convicted only by unanimous jury verdict is the type of 'relevant circumstance' that a defendant must know for his waiver of the right to a jury trial to be knowing and intelligent." *Id*. (quoting *Brady v. United States*, 397 US 742, 748, 90 S Ct 1463, 25 L Ed 2d 747 (1970)). Defendant's argument here is in the same plain-error posture as *Austin*, and we likewise find it unavailing.

As for defendant's assignment that contends that the trial court plainly erred by imposing a 64-month sentence on a Class C felony, the state concedes that defendant is correct. ORS 161.605(3); OAR 213-005-0002(4). We agree, accept the concession and remand for resentencing. Because we remand for resentencing on this assignment, we do not have to reach defendant's unpreserved assignment of error

regarding merger of Count 1 and Count 3 into a single con-
viction; we direct arguments on that issue to the trial court
on remand.

Remanded for resentencing; otherwise affirmed.