Submitted February 11, affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DEWAYNE WILLIS,
*Defendant-Appellant.*

Washington County Circuit Court
19CR65932; A173063

506 P3d 499

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction of one count each of felon in possession of a restricted weapon, fourth-degree assault, harassment, and interference with making a report. Defendant's seventh and eighth assignments of error are foreclosed by *State v. Austin*, 316 Or App 56, 501 P3d 1136 (2021), and *State v. Gomez*, 310 Or App 693, 485 P3d 314 (2021). In defendant's first through sixth assignments of error, defendant challenges special conditions of probation that were imposed outside of defendant's presence. We review for errors of law. *State v. Borders*, 293 Or App 791, 793, 429 P3d 1067 (2018).

The state concedes that the trial court erred by imposing the conditions for the first time in the written judgment without announcing them at sentencing. *See State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) (accepting state's concession that trial court plainly erred by imposing challenged special condition of probation outside the defendant's presence); *State v. Dennis*, 303 Or App 595, 597, 464 P3d 518 (2020) (same). That concession is well taken.

However, in advance of this case being submitted, we asked the parties whether the issues concerning the probation conditions were moot. Based on the parties' responses, we conclude it is. Defendant is appealing from a judgment issued on November 26, 2019. The two-year probationary sentence imposed by that judgment has now expired, and this court can offer no meaningful remedy. As a result, defendant's claims of error challenging the conditions of probation are moot. *See State v. Miller*, 262 Or App 537, 541 n 1, 325 P3d 787 (2014) ("absent the existence of collateral consequences, an appeal of special probation conditions is moot once the probation expires"). Accordingly, we do not reach assignments of error 1 through 6 as they are moot, and we affirm as to assignments of error 7 and 8.

Affirmed.