Submitted April 10, affirmed August 9, petition for review denied
December 7, 2023 (371 Or 715)

MARIA CRISTINA RODRIGUEZ CAZUN,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
19CV22118; A176252

535 P3d 790

Petitioner, who is not a United States citizen, appeals from a judgment denying her petition for post-conviction relief after she was convicted of one count of second-degree theft based on a guilty plea. She assigns error to the post-conviction court's determination that her trial counsel was not constitutionally ineffective by failing to advise her of the immigration consequences of her plea. She argues that *Padilla v. Kentucky*, 559 US 356, 130 S Ct 1473, 176 L Ed 2d 284 (2010), required trial counsel to advise her that pleading guilty could lead to her deportation under *Matter of Diaz-Lizarraga*, 26 I & N Dec 847 (BIA 2016). *See Padilla*, 559 US at 369 (a trial counsel must advise a defendant of the immigration consequences of a guilty plea "when the deportation consequence is truly clear"); *see also Diaz-Lizarraga*, 26 I & N at 847 (theft offenses involve moral turpitude, which affects a defendant's right to seek immigration relief). *Held*: Trial counsel's advice, prior to petitioner's guilty plea, that petitioner should consult an immigration attorney was sufficient under Padilla and was not constitutionally inadequate. At the time of petitioner's plea, it was not "truly clear" whether *Diaz-Lizarraga*, which was decided around three months after the date of petitioner's conduct and six months before petitioner's guilty plea, would apply retroactively. As such, trial attorney was not required to advise petitioner that her guilty plea could trigger deportation. Hence, the post-conviction court did not err in denying petitioner's request for relief.

Affirmed.

Kathie F. Steele, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

ORTEGA, P. J.

Petitioner, who is not a United States citizen, pleaded guilty to one count of second-degree theft. Seeking post-conviction relief, she claimed that her trial counsel was constitutionally ineffective and prejudiced her by failing to properly advise her of the immigration consequences of her plea and that counsel's error rendered her plea not knowing, voluntary, or intelligent.[1] In denying her claims, the post-conviction court agreed with the state that trial counsel's advice that petitioner should consult an immigration attorney was sufficient to meet counsel's constitutional obligations and that petitioner had not met her burden to show that counsel's advice caused her prejudice. Reasserting her arguments on appeal, petitioner asks us to reverse and remand her case for further proceedings. Because the post-conviction court did not err in its conclusions, we affirm its judgment.

We review the denial of post-conviction relief for errors of law and are bound by the post-conviction court's findings of historical fact if there is evidence in the record to support them. *Madrigal-Estrella v. State of Oregon*, 303 Or App 124, 126, 463 P3d 23, *rev den*, 366 Or 826 (2020). With those standards in mind, we provide the relevant, undisputed facts.

Petitioner was indicted with one count each of first- and second-degree theft, based on incidents that occurred in August 2016. At her case management hearing, petitioner's trial counsel stated to the court, "I advised [petitioner] that she needed to speak to an immigration attorney, given the charges and her status." Counsel also stated, "She has not been able to do that. I have indicated to her I think it's vital that she do that before resolving this case." Petitioner did not consult an immigration attorney, and ultimately, in May 2017, she pleaded guilty to second-degree theft in

---

[1] Under both the Oregon and United States Constitutions, a criminal defendant is entitled to the adequate and effective assistance of counsel. Or Const, Art I, § 11; US Const, Amend VI. To meet this constitutional requirement, a defense counsel must advise the defendant about the immigration consequences of the defendant's case, including the consequences of a guilty plea. *Padilla v. Kentucky*, 559 US 356, 366-69, 130 S Ct 1473, 176 L Ed 2d 284 (2010). A waiver of that type of "constitutional right must be voluntary, knowing, and intelligent." *State v. Austin*, 316 Or App 56, 58, 501 P3d 1136 (2021), *rev den*, 369 Or 675 (2022).

exchange for dismissal of the other theft charge. The court accordingly entered a judgment of conviction.

Petitioner did not file a direct appeal but timely sought post-conviction relief, alleging in two claims that trial counsel's conduct amounted to a violation of her constitutional rights. In her first claim, she argued that trial counsel was ineffective and prejudiced her by failing to advise her "that her 'deportation [would be] presumptively mandatory' upon conviction prior to petitioner entering pleas." *See Padilla v. Kentucky*, 559 US 356, 369, 130 S Ct 1473, 176 L Ed 2d 284 (2010) (when it is "truly clear" that removal from this country will result from a guilty plea, a trial counsel must advise a client that "deportation [is] presumptively mandatory").[2] According to petitioner, a case decided by the Board of Immigration Appeals in November 2016 required trial counsel to advise her that a guilty plea would affect her right to seek immigration relief. *See Matter of Diaz-Lizarraga*, 26 I & N Dec 847, 847, 854-55 (BIA 2016) (a theft offense involves moral turpitude). To support her claim, petitioner introduced a declaration of an immigration attorney, stating that second-degree theft convictions after *Diaz-Lizarraga* would disqualify a defendant from obtaining cancellation of removal and would trigger removal proceedings. Petitioner then asserted that trial counsel should have advised her of *Diaz-Lizarraga*'s effect in relation to her May 2017 conviction.

In petitioner's second claim, she argued that because of counsel's failure to properly advise her of the immigration consequences of her conviction for second-degree theft, her plea was not knowing, voluntary, or intelligent. She asserted that she would not have entered a guilty plea waiving her constitutional rights had she understood and appreciated the legal consequences of doing so.

The post-conviction court denied petitioner's claims for relief. In its written judgment, the court concluded,

---

[2] The Oregon Supreme Court likewise has held that "if the immigration consequences of pleading guilty to certain crimes are 'truly clear,' *** the Sixth Amendment requires defense counsel to advise their clients not merely that a conviction 'may result' in adverse immigration consequences but that deportation and other adverse immigration consequences will be 'virtually inevitable' as a result of the plea." *Chavez v. State of Oregon*, 364 Or 654, 661, 438 P3d 381 (2019).

following Ninth Circuit case law, that *Diaz-Lizarraga* did not apply retroactively to petitioner's conviction, which was based on conduct that occurred three months before that decision was issued, and that trial counsel "was not required to advise [p]etitioner of *Diaz-Lizarraga* consequences." *See Garcia-Martinez v. Sessions*, 886 F3d 1291, 1296 (9th Cir 2018) (the extension of the moral turpitude definition announced in *Diaz-Lizarraga* does not apply retroactively); *see also Romero v. Sessions*, 736 Fed Appx 632 (9th Cir 2018) (unpublished) (same).

On appeal, petitioner argues in her first assignment of error that the post-conviction court erred in denying her claim that trial counsel was constitutionally ineffective. She maintains that, under *Padilla* and *Diaz-Lizarraga*, counsel's failure to properly advise her of the immigration consequences of her guilty plea was constitutionally ineffective and prejudiced her.

*Padilla* does not provide the level of protection that petitioner understandably urges. Under *Padilla*, defense counsel is constitutionally required to provide advice regarding the risk of deportation upon a defendant's guilty plea "when the deportation consequence is truly clear." 559 US at 369; *see also Madrigal-Estrella*, 303 Or App at 137 (the *Padilla* "truly clear" standard "means that any competent attorney would have been able to discern the immigration consequences of a particular plea by consulting readily available sources of law").

Here, the deportation consequence of petitioner's plea was not that clear at the time she made her decision. *Diaz-Lizarraga* was decided around three months after the date of petitioner's conduct and six months before her guilty plea. The Ninth Circuit's holding in *Garcia-Martinez* that *Diaz-Lizarraga* did not apply retroactively was issued about a year later—that is, after petitioner's guilty plea. The post-conviction court's conclusion that it was therefore not "truly clear" that *Diaz-Lizarraga* would apply to petitioner's conviction was not in error. Consequently, trial counsel's advice to petitioner—that petitioner should consult an immigration attorney before resolving her case—was not constitutionally inadequate under *Padilla* because, at that time, it

was not the case that any competent attorney would have been able to discern the immigration consequences of petitioner's plea. Accordingly, we agree with the post-conviction court that trial counsel "was not required to advise [p]etitioner of *Diaz-Lizarraga* consequences" and was not constitutionally inadequate under *Padilla*. We thus conclude that the post-conviction court did not err in denying petitioner's first claim for relief, which obviates the need to address petitioner's prejudice argument.

We turn to petitioner's second assignment, regarding whether the post-conviction court erred in denying her claim that her plea was invalid for not being knowing, voluntary, and intelligent. Petitioner's only argument is that, because she did not receive proper advice from her trial attorney, she could not have entered a knowing, voluntary, and intelligent plea. Our conclusion that petitioner did not establish that trial counsel was ineffective likewise disposes of that argument.

Affirmed.