No. 627 November 29, 2023 335

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ELIJAH JEREMIAH WATTERSON,
*Petitioner-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
19CV48415; A177937

Claudia M. Burton, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Following a deadly shootout, petitioner pleaded guilty to two counts of attempted aggravated murder with a firearm, one count of felon in possession of a firearm, and one count of riot with a firearm. He now appeals a judgment denying him post-conviction relief (PCR), asserting that his trial counsel rendered inadequate assistance of counsel and that his guilty pleas were not knowing, intelligent, and voluntary. We affirm.

Petitioner first asserts that his trial counsel did not adequately advise him of an available defense—"defense of others"—thus failing to exercise reasonable professional skill and judgment. However, the PCR court made a finding, based on trial counsel's declaration, that counsel *did* discuss a defense of others strategy with petitioner and informed petitioner that, in counsel's view, the surveillance video evidence made such a defense unlikely to succeed. We are bound by the court's factual finding that counsel did inform petitioner of a defense of others defense because evidence in the record supports it. *Berg v. Nooth*, 273 Or App 97, 98, 359 P3d 279 (2015), *rev den*, 358 Or 529 (2016). And because this finding negates petitioner's claim, we must reject petitioner's first argument.

Petitioner goes on to argue that, even if trial counsel did discuss the defense of others strategy with him, counsel's allegedly inaccurate assessment of the strength of the defense represented a failure to exercise reasonable professional skill and judgment. Assuming that claim is preserved, it fails on the merits. Counsel based his assessment of the defense on the surveillance footage, which demonstrated that petitioner acted as an aggressor and failed to take opportunities to retreat from the conflict, and that petitioner's friend had defended himself by pulling out his own firearm. Counsel reasonably concluded that the jury would have viewed the footage as supporting a theory that petitioner acted out of revenge, rather than a desire to protect his friend. *See Antoine v. Taylor*, 368 Or 760, 768, 499 P3d 48 (2021) ("To prove deficient performance, it is not enough to show that another lawyer would have tried the

case differently or that a reviewing court would disagree with that counsel's decision." (Internal quotation marks omitted.)).

In his second assignment of error, petitioner argues that his pleas were not knowing, intelligent, and voluntary in light of counsel's failure to adequately advise him of the defense-of-others defense. However, our conclusion that counsel was not inadequate in that matter renders petitioner's invalid-plea claim without merit. *See Cazun v. State of Oregon*, 327 Or App 326, 331, 535 P3d 790 (2023) ("Petitioner's *** argument is that, because she did not receive proper advice from her trial attorney, she could not have entered a knowing, voluntary, and intelligent plea. Our conclusion that petitioner did not establish that trial counsel was ineffective likewise disposes of that argument.").

Third, petitioner contends that trial counsel was inadequate for not anticipating the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020), which overruled *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), and held that the Sixth Amendment right to a jury trial requires a unanimous verdict to support a conviction in state court. He further argues that that failure rendered his pleas not knowing or voluntary. However, that claim is foreclosed by recent decisions of this court. *See Peeler v. Reyes*, 328 Or App 110, 119, 537 P3d 206 (2023) (rejecting petitioner's argument that "constitutionally adequate counsel would have foreseen *** that *Apodaca* could be overruled in the future and advised him of that possibility before he pled guilty" and holding that petitioner's plea was knowing because petitioner was "accurately advised *** about his Sixth Amendment rights as they were understood when he pled guilty"); *see also Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022) (holding that counsel was not constitutionally deficient for failing to advise his client that *Apodaca* could be overruled).

Affirmed.