No. 169     February 26, 2025     295

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RENE TORRES, JR.,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV35714; A181526

J. Burdette Pratt, Senior Judge.

Submitted January 28, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief after a bench trial in which he was convicted of 24 sex crimes against the minor victim, Y, and sentenced to 300 months' incarceration. Petitioner assigns error to the court's denial of relief on his claim of ineffective and inadequate assistance of counsel and his claim regarding jury waiver. Petitioner identified his trial counsel's investigation and advice to defendant concerning his waiver of jury trial as violative of Article I, section 11, of the Oregon Constitution and Amendments Five, Six, and Fourteen to the United States Constitution. Accepting the post-conviction court's findings of historical fact that are supported by evidence, and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

To establish inadequate or ineffective assistance of counsel, a petitioner must prove both a performance element and a prejudice element, by a preponderance of the evidence. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions). We examine counsel's choices in light of the evidence known and available to counsel at the time to determine if counsel's conduct reflects "an absence or suspension of professional skill and judgment." *Krummacher v. Gierloff*, 290 Or 867, 875-76, 627 P2d 458 (1981). "[A] court reviewing a claim of inadequate assistance of counsel must make every effort to evaluate a lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau v. Baldwin*, 333 Or 350, 360, 39 P3d 851 (2002).

Petitioner first argues that trial counsel failed to conduct a reasonable investigation because counsel did not conduct a separate interview of his younger sister, M, and that had she been secured as a witness and testified at trial, the evidence would have tended to exonerate him. Petitioner indicates that he wanted M, who was Y's friend, to testify that Y looked and acted older and that she did not disclose the abuse to M. The state argues that M's testimony would have been largely cumulative of testimony provided

by petitioner's other sister, N, and that M's anticipated testimony that Y told M that she was 18 would be inadmissible hearsay. We conclude that, even assuming counsel should have had M separately interviewed from N, the trial court did not err when it determined that petitioner had not proven prejudice, that is, that petitioner failed to prove that M's statements "could have tended to effect the outcome of the case." *Green,* 357 Or at 323 (internal quotation marks omitted).

We thus turn to petitioner's second argument: Because of trial counsel's failure to conduct a reasonable investigation that included an interview of M, his "jury waiver was not knowing, intelligent, and voluntary as he did not know the full universe of evidence that would [have been] available at trial." He argues that had he known about the evidence M would have testified to, he would not have waived his right to a jury trial. "A waiver is knowing and intelligent if it is made 'with sufficient awareness of the relevant circumstances and likely consequences.'" *State v. Austin*, 316 Or App 56, 58, 501 P3d 1136 (2021), *rev den*, 369 Or 675 (2022) (quoting *Brady v. United States*, 397 US 742, 748, 90 S Ct 1463, 25 L Ed 2d 747 (1970)). "[U]nder the Oregon Constitution, counsel must inform a client of those circumstances that counsel knows to be material to their client's decision of whether to *** waive jury trial rights." *Sanders v. Brown*, 300 Or App 84, 88, 452 P3d 1032 (2019).

Petitioner signed a written jury trial waiver. Counsel indicated that his advice to petitioner to opt for a bench trial was consistent with advice he often provides to clients facing child sex abuse charges. Counsel explained that he and other local defense attorneys often provide that advice because the factfinder in a bench trial tends to be more able to focus on evidence and legal defenses, while jurors may become inflamed or distracted by the fact that the alleged victim is a child. Petitioner argues that his jury waiver was not knowing, intelligent, and voluntary because he did not know that M's testimony could have been favorable and available to him at trial; however, the post-conviction court found that petitioner did not prove prejudice because his "decision to waive jury was not based on the

quality of the investigation but rather on the consideration that a judge would be less likely than a jury to be swayed by emotion from the fact that the victim was a minor." We are bound by that finding, which is supported by counsel's affidavit.

Because petitioner did not meet his burden to establish prejudice with regard to either alleged error, we affirm.

Affirmed.